**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Wesley DANIEL, Defendant–
Appellant.**

No. 91–5318.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 26, 1991.

Decided Feb. 10, 1992.

Rehearing Denied March 19, 1992.

James R. Dedrick, Asst. U.S. Atty. (briefed), Jerry G. Cunningham, U.S. Atty., Office of U.S. Atty., Knoxville, Tenn., Steven H. Cook, Asst. U.S. Atty. (argued), Office of U.S. Atty., Chattanooga, Tenn., for plaintiff-appellee.

Mary M. Testerman (briefed), Stone & Hinds, Anthony M. Avery, Maurice Gerard (argued and briefed), Stone & Hinds, Knoxville, Tenn., for defendant-appellant.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

A jury convicted Ronald Daniel of three counts of income tax evasion under 26 U.S.C. § 7201. The court sentenced Daniel to one year, four months incarceration; two years of supervised release; and ordered him to pay $154,353.50 in restitution to the United States. On appeal, Daniel challenges his conviction for tax evasion. Daniel argues that in order to prosecute and convict under section 7201, the Internal Revenue Service must make an assessment of taxes owed and make a demand for payment, both of which, Daniel alleges, it failed to do. Daniel also alleges that in awarding restitution, the court exceeded the amount permitted by the Sentencing Guidelines. For the following reasons, we affirm in part, and reverse in part.

Daniel operated a theater-seat installation business in Tennessee and throughout the Southeast. Prior to 1982, Daniel filed federal income tax returns. Daniel failed to file federal income tax returns for tax years 1982–1987. On May 26, 1986, the Internal Revenue Service notified Daniel about his failure to file federal income tax returns and requested an explanation. After an investigation of Daniel's records, and receipt of testimony from several witnesses, the government found that for criminal purposes, Daniel had a tax liability for 1985, 1986, and 1987 in the amount of $40,969.90. Throughout the investigation and during his trial, Daniel contended that although he knew that he had an obligation to pay taxes, the law did not require him to *file* a return.

■ On appeal, Daniel contends that he cannot be convicted of tax evasion under section 7201, unless the government has made a tax assessment and a demand for payment. Daniel's argument is without merit. The relevant portion of section 7201 defines as criminal conduct, "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title...." 26 U.S.C. § 7201 (1991). To convict someone under section 7201, the government must show the existence of a tax deficiency, willfulness, and an affirmative act constituting an evasion or an attempted evasion of the tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965) (citing *Lawn v. United States*, 355 U.S. 339, 361, 78 S.Ct. 311, 323, 2 L.Ed.2d 321 (1958)); *Spies v. United States*, 317 U.S. 492, 496, 63 S.Ct. 364, 366, 87 L.Ed. 418 (1943); *United States v. Hook*, 781 F.2d 1166, 1169 (6th Cir.), *cert. denied*, 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986).

Apparently, Daniel argues that he cannot be charged with attempting to evade payment of taxes because a tax deficiency did not exist. He argues that because there has been no assessment and demand for taxes, there is no deficiency. However, when a taxpayer fails to file a federal income tax return and the government can show a tax liability pursuant to the tax code, a tax deficiency within the meaning of section 7201 arises by operation of law on the date that the return is due to be filed. *United States v. Dack*, 747 F.2d 1172, 1174 (7th Cir.1984) (citing *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir.1981)). *See also United States v. Hogan*, 861 F.2d 312, 315 (1st Cir.1988). The law does not require an assessment or demand for payment before a tax deficiency arises. *Id.* Thus, when Daniel failed to file his federal income tax return, and the government determined his tax liability, a tax deficiency arose by operation of law, fulfilling the tax deficiency element of section 7201.

■ Daniel further alleges that the government did not meet its burden in proving that he willfully and through affirmative acts, attempted to evade or defeat income tax. The jury found that Daniel willfully attempted to evade the payment of taxes through conduct and actions. In a criminal case with a jury trial, the standard of review for claims of insufficient evidence is "whether, after viewing all the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). *See also*

**543**

*United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir.1989). At trial, the United States introduced the following evidence: (1) Daniel had previously filed income tax returns; (2) Daniel stopped filing income tax returns for a period of years; (3) relatives, business associates, and certified public accountants made Daniel aware of his responsibility to file income tax returns; (4) when Daniel stopped filing returns, he began to use other individuals' credit cards for business and personal expenses; (5) Daniel used cash extensively, even converting checks to cash immediately; (6) Daniel paid at least three employees in cash; (7) Daniel subsequently changed the status of his employees to sub-contractors; (8) Daniel purchased investments under his second wife's name; (9) Daniel titled several business-related vehicles in his son's name; (10) Daniel refused to keep checking or savings accounts in his name, despite his receipt of checks for large amounts of money from his theatre-seat installation business; and (11) during the tax years 1985–87, Daniel paid his insurance policies in cash. This evidence is sufficient to sustain Daniel's conviction under the United States' theory that Daniel willfully failed to pay tax on earned income. *See Spies*, 317 U.S. at 499, 63 S.Ct. at 368 (affirmative and willful elements could be met through proof of conduct such as concealment of assets); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir.1984) (circumstantial evidence as well as defendant's prior tax-paying history and advice concerning the need to file proper tax returns constitutes evidence to establish element of willfulness).

■ Daniel alleges that he was denied effective assistance of counsel. Daniel did not make this claim to the district court. As a general rule, we will not review an ineffective assistance of counsel claim raised for the first time on appeal. *United States v. Sanchez*, 928 F.2d 1450, 1458 (6th Cir.1991) (citing *United States v. Swidan*, 888 F.2d 1076, 1081 (6th Cir.1989)). *See also United States v. Gonzales*, 929 F.2d 213, 215 (6th Cir.1991); *United States v. Castro*, 908 F.2d 85, 89 (6th Cir.1990). Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. *United States v. Frazier*, 936 F.2d 262, 267 (6th Cir.1991). We will consider an ineffective assistance of counsel claim on direct appeal of a criminal conviction only when the record is adequate to assess the merits of the defendant's allegations. *See United States v. Wunder*, 919 F.2d 34, 37 (6th Cir.1990). In this case, because Daniel raises his ineffective assistance of counsel claim for the first time on appeal and the record is not adequate to assess the merits of his claim, we will not review his claim.

■ Daniel alleges that the amount of restitution awarded the government is in excess of what is permitted under the Sentencing Guidelines. As part of Daniel's sentence, the district court awarded the United States restitution in the amount of $154,353.50 based on the Pre-sentence Report calculation of Daniel's total *civil* liability including statutory penalties for the three years in question. In the same report, the probation officer determined that Daniel's "unreported tax due for prosecution purposes for the respected [sic] three years was $17,214.32, $8,266.21, and $15,489.37, for a total amount of $40,969.90." Pre-sentence Report, page 3, para. 11. Relying on *Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), Daniel argues that restitution should be limited to the amount of tax liability for which the defendant was convicted. In *Hughey*, the Supreme Court held that restitution ordered pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663 (1987), should be limited to the loss actually suffered as a result of the crime for which the defendant was convicted. *Hughey*, at 420, 110 S.Ct. at 1984, 109 L.Ed.2d at 417 ("loss caused by the conduct underlying the offense of conviction establishes the outer limit of a restitution order."). Section 5E1.1 of the Sentencing Guidelines states that restitution shall be ordered "in accordance with 18 U.S.C. § 3663(d)." United States Sentencing Commission, *Guidelines Manual*, § 5E1.1. According to the government, Daniel's tax liability "for

criminal purposes" is $40,969.90. Thus, the appropriate amount of restitution in the present case is $40,969.90. Restitution above this amount for additional "civil liabilities" is inappropriate. *Hughey*, at 418–20, 110 S.Ct. at 1984, 109 L.Ed.2d at 417; *see also United States v. Joseph*, 914 F.2d 780, 785 (6th Cir.1990). It is theoretically possible that Daniel, after being convicted and serving his sentence, might then prevail in whole, or in part, in a civil action concerning his civil tax liability thus reducing the amount owed as alleged by the government. Restitution is appropriate when the victim and the amount are known. *See Joseph*, 914 F.2d at 785. In the present case, while we may point to the United States as "victim," we can point to no amount other than the $40,969.90 for purposes of restitution.

We distinguish the present case from our decision in *United States v. Hatchett*, 918 F.2d 631 (6th Cir.1990). In *Hatchett*, which was decided shortly after the Supreme Court decided *Hughey*, we upheld the district court's conditioning of probation on the payment of all back taxes. *Hatchett*, 918 F.2d at 644–45. In *Hatchett*, we stated that the district court's order "should be interpreted as being limited to obligations that either have gone to judgment or are otherwise legally owed." *Id.* at 645. Daniel's situation differs from *Hatchett* because in the present case Daniel's civil tax liability is unknown. At trial, the sum of $40,969.90 formed the basis for Daniel's criminal tax liability.

 Finally, Daniel challenges his sentence alleging the district court improperly applied the Sentencing Guidelines by considering past conduct not included in the indictment, specifically Daniel's failure to file income tax returns as well as tax liabilities for 1982, 1983, and 1984. In determining the base offense level for tax evasion, the court looks to the "tax loss." United States Sentencing Commission, *Guidelines Manual*, § 2T1.1 (Nov.1990). Application Note 2 of section 2T1.1 explains that "tax loss" is defined as "what is commonly called the 'criminal deficiency,'" and states that this amount is to be determined by the

same rules applicable in determining any other sentencing factor. Application Note 3 of section 2T1.1 states that when a court is "[d]etermining the total tax loss attributable to the offense [ ], all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates the conduct is clearly unrelated." *Id.* Reading Application Notes 2 and 3 together, and in light of the unique nature of the tax laws, we find that "all conduct violating the tax laws" must refer to *all relevant criminal conduct underlying the charged offense.* The United States has alleged a criminal tax deficiency in the amount of $40,969.90 and we agree that, for relevant conduct purposes, Daniel may be sentenced to a term based on this "criminal deficiency." Daniel's unknown liability for tax years 1982–84, however, is a *civil* tax liability and is not part of the underlying criminal conviction. Daniel has had no opportunity to disprove the greater civil liability alleged by the government in Daniel's pre-sentence report. In fact, Daniel's civil liability could possibly be much greater than $40,969.90 solely because of fines and interest, which are specifically excluded from consideration in sentencing. *Guidelines Manual*, § 2T1.1, Application Note 2. As with the issue of restitution, there is an absence of evidence of taxes due in excess of the $40,969.90 alleged in the indictment. Because of a lack of evidence of *criminal* behavior regarding Daniel's tax liabilities other than $40,969.90, this court remands for resentencing using this amount.

Accordingly, we affirm Daniel's conviction under 26 U.S.C. § 7201. We remand however, both for resentencing and recalculation of the amount of restitution.