963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Douglas INGRAM, Defendant-Appellant.
 Nos. 91-6343, 91-6507.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Charles Douglas Ingram appeals the district court's judgment of conviction and sentence imposed upon him for theft of government property and impersonation of a government official. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 After pleading guilty to the theft and impersonation charges, but before his sentencing, Ingram filed a motion to withdraw his guilty plea. The district court denied his motion and sentenced him to six months imprisonment. Ingram and his counsel filed duplicitious notices of appeal from the same judgment. On appeal, Ingram's counsel has filed a motion to withdraw and Ingram has filed a response to this motion. Ingram has also requested the appointment of new counsel.
 
 
 4
 On appeal, Ingram raises several challenges to his conviction. First, he argues that he received ineffective assistance of counsel because his counsel failed to investigate the charges against Ingram. As a general rule, we will not review an ineffective assistance of counsel claim raised for the first time on appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. Id. As an adequate record does not currently exist on Ingram's ineffective assistance of counsel claim, we decline to address the issue at this time.
 
 
 5
 Second, Ingram argues that he was mentally incompetent and consequently unable to enter a knowing and intelligent guilty plea. However, Ingram's claims of incompetency are conclusory and unsupported by any evidence in the record.
 
 
 6
 Third, Ingram argues that the district court improperly denied his motion to withdraw his guilty plea. Upon review of the record in light of the factors relevant to adjudge this claim, we conclude that the district court did not abuse its discretion in denying Ingram's motion. United States v. Spencer, 836 F.2d 236, 238-40 (6th Cir.1987).
 
 
 7
 Fourth, Ingram argues that his double jeopardy rights were violated, because he was convicted of the same offenses in state court. However, state and federal prosecutions for the same offenses do not violate the Double Jeopardy Clause. United States v. Wheeler, 435 U.S. 313, 329-30 (1978).
 
 
 8
 Accordingly, we grant counsel's motion to withdraw, deny Ingram's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.