989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cleveland David WILLIAMS, Defendant-Appellant.
 No. 91-2029.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Cleveland David Williams appeals his cocaine trafficking and firearms convictions. We affirm Williams' convictions for the following reasons.
 
 I.
 
 2
 On January 7, 1991, officers from the Wayne County Sheriff's Narcotics Enforcement Unit, and agents from the Federal Bureau of Alcohol, Tobacco and Firearms ("BATF"), executed a search warrant at 13479 Fleming Street in Detroit, Michigan. Wayne County Investigator Derrick Brown ("Investigator Brown") proceeded to the second floor where he observed defendant-appellant Cleveland David Williams ("Williams") alone in a bedroom.
 
 
 3
 After ordering Williams to lie prone on the floor, Investigator Brown asked whether there were any firearms or large sums of money in the bedroom. Williams responded that there might be a .38 caliber handgun in the room. Investigator Brown searched the bedroom and discovered: two loaded handguns (one Smith & Wesson .38 caliber pistol; one Colt .38 caliber revolver) located on the lower shelf of a dresser beneath a missing drawer; 55 grams of cocaine base ("crack cocaine") divided among 13 plastic baggies in a brown paper bag; a loaded semi-automatic assault rifle (an E.A. Company .223 caliber semi-automatic rifle) leaning against a wall; a triple-beam scale; a pager; approximately $1,230 in cash; and, documents identifying 13479 Fleming Street as Williams' residence.
 
 
 4
 After reading Williams his Miranda rights, BATF Special Agent Roger Guthrie obtained a statement from the appellant which Agent Guthrie reduced to writing and Williams signed:
 
 
 5
 I, Cleveland David Williams, state that I reside at 13479 Fleming Street, Detroit, Michigan. I have lived at this house for 21 years. When the police raided my house, I was in my bedroom, which is located in the second floor, northwest bedroom. The A.R. 15 type rifle found in my room belongs to me and I have had it for about two years. The last time I shot this gun was New Year's Eve, December 31, 1990. I fired the rifle into the air. I keep the gun (A.R. 15 rifle) in my room loaded for protection, because a lot of people come to my house, some of which use dope and drink. I keep the rifle loaded in my room to protect my money and other items. The .38 caliber--the .38 Colt revolver and the .38 Smith and Wesson revolver found in my room were loaded and I have had them for about a week. I'm holding these two revolvers for two of my friends. I keep the revolvers loaded for my protection. Crack cocaine found in my room belongs to someone else. I was holding it for them. I do not smoke crack cocaine or use cocaine of any kind. I did not use any drugs or alcohol of any kind today. The $1,230 found in my room belongs to me.
 
 
 6
 Joint Appendix at 41-43.
 
 
 7
 On January 22, 1991, the grand jury returned a two-count Indictment charging Williams with: "knowingly, intentionally, and unlawfully possess[ing] with intent to distribute more than 50 grams of cocaine base" on or about January 7, 1991, in violation of 21 U.S.C. § 841(a)(1) (Count One); and, "knowingly and unlawfully us[ing] and carry[ing] firearms ... during and in relation to a drug trafficking crime" in violation of 18 U.S.C. § 924(c) (Count Two). Joint Appendix at 6-7.
 
 
 8
 Williams' jury trial commenced May 7, 1991, and concluded May 8, 1991, whereupon the jury found Williams guilty on both counts after deliberating less than an hour. On August 9, 1991, the district court judge sentenced Williams to 151 months imprisonment on Count One, and 60 months imprisonment on Count Two, the sentences to run consecutively, to be followed by five years of supervised release.
 
 
 9
 Though this court initially dismissed Williams' appeal as untimely, the district court later determined that Williams' appeal was timely filed. This court reinstated Williams' appeal on March 30, 1992.
 
 II.
 Unanimity of Jury's Verdict
 
 10
 Arguing that his "Sixth Amendment right to a unanimous jury verdict has been abridged," Appellant's Brief at 5, because his "conviction for violat[ing] 18 U.S.C. § 924(c)(1) was premised upon a count in the indictment alleging three separate criminal acts, and the jury was not instructed that it must unanimously agree upon the act constituting the crime," id., Williams maintains that his Count Two conviction must be reversed:
 
 
 11
 The government was free to proceed against Cleveland Williams by charging him with three separate violations of 18 U.S.C. § 924(c)(1), but chose not to do so. Instead, the government chose to charge Mr. Williams with a single drug trafficking offense in Count One, and a single violation of 18 U.S.C. § 924(c)(1) in Count Two. Under those circumstances, Cleveland Williams was entitled to a unanimous jury verdict relating to the means and methods alleged in Count Two of the Indictment, i.e., the jury was required to unanimously agree on the firearm that he had used within the meaning of § 924(c)(1).
 
 
 12
 * * *
 
 
 13
 Given the necessity for unanimity upon one of the alternative means, the trial court's instructions were wholly inaccurate. Williams' failure to object to the jury charge is deemed a waiver of any objection. Given that waiver, this court must then review the instructions in their entirety for plain error.
 
 
 14
 Appellant's Brief at 6-10 (citations omitted).
 
 In response, the United States maintains:
 
 15
 Defendant Williams now contends, for the first time on appeal, that the trial court committed plain error when it did not instruct the jury as to the necessity of unanimous agreement on one weapon with regard to a determination of defendant's guilt of the charge of using firearms in connection with drug trafficking under 18 U.S.C. § 924(c).
 
 
 16
 [D]efendant did not ask the court to instruct the jury as to the requirement of unanimity of agreement on one weapon nor did he object to the adequacy of the instruction given. [Because] defendant failed to object to the jury instructions, reversal is required only if the omission constituted plain error.
 
 
 17
 * * *
 
 
 18
 [D]uring its charge to the jury with respect to the § 924(c) charge that defendant used or carried a firearm during and in relation to a drug trafficking crime, the district court instructed the jury in part: "It is sufficient to convict the defendant if you find beyond a reasonable doubt that defendant had possession of a firearm or that he had firearm[s] under his control in any manner which facilitated his possession with intent to distribute cocaine."
 
 
 19
 * * *
 
 
 20
 [T]he indictment and the jury instructions charged that defendant Williams used or carried three firearms in relation to his drug trafficking: a Smith & Wesson .38 automatic pistol, a Colt .38 caliber revolver, and an E.A. Company .223 caliber semi-automatic assault rifle. The evidence at trial established that all of these guns were found in defendant's bedroom in plain view with fifty-five grams of crack cocaine, a triple-beam scale, ziplock baggies, and approximately $1,200. Defendant Williams admitted possessing the money, narcotics and firearms, and [admitted] that the firearms were used to protect his money and other items. Furthermore, testimony at trial established that firearms are commonly found during the execution of narcotic search warrants because they are used to protect the narcotic operation and proceeds.
 
 
 21
 * * *
 
 
 22
 Therefore, under the factual circumstances present in the instant case, defendant Williams has failed to meet his burden of demonstrating error so plain as to result in a complete miscarriage of justice.
 
 
 23
 Appellee's Brief at 5-12 (citations and footnotes omitted) (emphasis in original).
 
 
 24
 Pursuant to the Federal Rules of Criminal Procedure, "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection." Fed.R.Crim.P. 30. See also United States v. Cunningham, 723 F.2d 217, 227 (2d Cir.1983) ("Cunningham now contends that the Count 11 conviction should not stand because it is possible that the jury was unanimous only as to the dismissed specification. However, his failure to object at trial to multiple specifications precludes his raising the issue on appeal.") (citations omitted), cert. denied, 466 U.S. 951 (1984).
 
 
 25
 The Federal Rules of Criminal Procedure grant the court of appeals "latitude to correct particularly egregious errors on appeal regardless of a defendant's trial default," however. United States v. Frady, 456 U.S. 152, 163 (1982). Specifically, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). The Supreme Court has limited its application, however, to a narrow field of cases:
 
 
 26
 Rule 52(b) was intended to afford a means for the prompt redress of miscarriages of justice. By its terms, recourse may be had to the Rule only on appeal from a trial infected with error so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it. The Rule thus reflects a careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.
 
 
 27
 United States v. Frady, 456 U.S. at 163 (footnotes omitted). See also United States v. Hook, 781 F.2d 1166, 1172-73 (6th Cir.) ("[A]n improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of the law."), cert. denied, 479 U.S. 882 (1986).
 
 18 U.S.C. § 924(c)(1) provides:
 
 28
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 29
 Id.
 
 
 30
 The evidence presented at trial established that Williams possessed the Smith & Wesson .38 caliber automatic pistol, the Colt .38 caliber revolver, and the E.A. Company .223 caliber semi-automatic assault rifle "during and in relation to" his drug trafficking activities as evidenced by the fifty-five grams of crack cocaine, the triple-beam scale, and the $1230 cash found in his bedroom with the firearms. Recent Sixth Circuit precedent requires that we reject Williams' first assignment of error because, under the circumstances of Williams' arrest, he cannot demonstrate jury confusion:
 
 
 31
 Defendant Russell contends that because two guns were named in the indictment on the section 922(g) charge against him, and no procedure was used for the jury to specify which gun, if either, they unanimously agreed Russell possessed in violation of the statute, his right to a unanimous jury verdict was denied.
 
 
 32
 The government concedes that no unanimity charge was given on that count, but contends ... that Russell made no objection and the standard of review is therefore "plain error."
 
 
 33
 * * *
 
 
 34
 We affirm the district court on this issue. Even if Russell had raised an objection, no reversal would be required. In analyzing the need for a specific unanimity instruction, this Court has held, "The touchstone has been the presence of a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts." In the present case, the two guns charged in Redacted Count 6 were in the same car, in the back seat of the Pontiac in which Russell was seated during the defendants' attempted purchase of cocaine. Thus, there is no chance of jury confusion or of differing outcomes with regard to these two guns. Therefore, even under a stricter standard of review, Russell cannot prevail on this issue.
 
 
 35
 United States v. Sims, 975 F.2d 1225, 1240-41 (6th Cir.1992) (citations omitted), cert. denied, --- S.Ct. ---- (1993). See also United States v. Hager, 969 F.2d 883, 891 (10th Cir.) ("Under the circumstances of this case, we shall assume that the jury unanimously reached a decision on a particular firearm or all of the firearms. This case is not so complex that there was a genuine possibility of juror confusion. Moreover, we note that Hager's failure to propose a proper unanimity instruction precludes reversal on this claim."), cert. denied, 113 S.Ct. 437 (1992); see generally United States v. Engle, 977 F.2d 583 (6th Cir. Oct. 7, 1992) (unpublished) ("The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense. While Count II lists several firearms, it lists only one offense for which a jury could find a defendant guilty. Because Dobson could reasonably be linked to all three firearms, Count II is not duplicitous."), cert. denied, --- S.Ct. ---- (1993).
 
 
 36
 Because Williams has failed to demonstrate plain error arising from the district court's general unanimity instruction, we reject the appellant's first assignment of error.
 
 Ineffective Assistance of Counsel Claim
 
 37
 Williams argues, for the first time on appeal, that his trial counsel's performance was ineffective:
 
 
 38
 Trial counsel's performance was constitutionally ineffective for two reasons--first, he failed to draft and file a motion complying with the requirements necessary to allow him to attack the evidence gathered by government agents during the execution of a search warrant, and second, he failed to request an augmented unanimity jury instruction, or to object to the misleading instruction given by the trial court.
 
 
 39
 Appellant's Brief at 12.
 
 
 40
 "As a general rule, we will not review an ineffective assistance of counsel claim raised for the first time on appeal," United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992), because the resolution of ineffective assistance of counsel claims ordinarily requires the development of facts outside the original record. Id. "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." Id. "We will consider an ineffective assistance of counsel claim on direct appeal of a criminal conviction only when the record is adequate to assess the merits of the defendant's allegations." Id. Because Williams failed to raise his ineffective assistance of counsel claim below, and because the appellate record does not provide an adequate basis on which to assess the appellant's claim, we will not review Williams' second assignment of error.
 
 III.
 
 41
 We AFFIRM Cleveland David Williams' convictions for the aforementioned reasons.