996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrea M. PELEO, Defendant-Appellant.
 No. 92-1649.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Andrea M. Peleo appeals her conviction and sentence for mail fraud. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury found Peleo guilty of mail fraud in violation of 18 U.S.C. §§ 2 and 1341. The district court sentenced Peleo to forty-one months imprisonment. Peleo has filed a timely appeal. On appeal, her counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Peleo has not responded to the motion to withdraw.
 
 
 3
 Upon review, we conclude that Peleo's argument that the district court improperly denied her motion to suppress certain incriminating statements is without merit. The factual findings underlying the district court's decision denying the motion to suppress are not clearly erroneous. See United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 111 S.Ct. 2055 (1991). Based on these findings, the district court properly concluded that Peleo's Fifth and Sixth Amendment rights were not violated.
 
 
 4
 Peleo's sentence is not reviewable because the sentence is within the guideline range and was not imposed in violation of one of the restrictions set forth in 18 U.S.C. § 3742(a). United States v. Hamilton, 949 F.2d 190, 192-93 (6th Cir.1991) (per curiam).
 
 
 5
 Peleo's argument that she received ineffective assistance of counsel is likewise not reviewable on direct appeal. Peleo did not raise this claim in the district court and no record has been made regarding this claim. As the record is not adequate to assess the merits of Peleo's allegations, we will not consider her claim on direct appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Rather, Peleo can raise this claim in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. Id.
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.