999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. HIBBARD, Defendant-Appellant.
 No. 92-5944.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1993.
 
 Before MILBURN, RYAN and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant James Arkus Hibbard appeals from a judgment of the district court wherein he was convicted of conspiracy to possess marijuana with intent to distribute it, a violation of 21 U.S.C. § 846, possession of marijuana with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking offense, a violation of 18 U.S.C. § 924(c). On appeal, defendant Hibbard contends that the district court erred in failing to suppress evidence seized during the search of a truck. He also argues that he was denied the effective assistance of counsel.
 
 
 2
 Upon review of this appeal, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a) and Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The facts underlying defendant Hibbard's conviction and sentence are set out in detail in our opinion, United States v. Perkins, No. 92-5941 (6th Cir. May 24, 1993). In Perkins, which involved Hibbard's co-defendant, Elmer Perkins, we affirmed the district court's ruling that evidence seized during the search of the vehicle Hibbard was driving on September 9, 1991, was admissible. We adopt that reasoning as to defendant Hibbard and hold again that the search in question was proper.
 
 
 4
 Hibbard's only other claim of error concerns the effectiveness of his attorney. Defendant Hibbard argues that he was denied effective assistance of counsel in that his attorney failed to object to hearsay testimony and also failed to object to the use of a prior conviction against defendant in the computation of his sentence. Ordinarily, claims of ineffective assistance of counsel are best brought in a post-conviction proceeding under 28 U.S.C. § 2255 so that an adequate record can be developed below on the specific issue. This court will, however, address ineffective assistance of counsel claims where the record on direct appeal is adequate. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Because of the simplicity of defendant's claims in this case, the record permits consideration of them on direct appeal.
 
 
 5
 To prevail on a Sixth Amendment claim of ineffective assistance of counsel,
 
 
 6
 the defendant must show both that counsel's representation fell below an objective standard of reasonableness ... and that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.
 
 
 7
 Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (citations omitted); accord Strickland v. Washington, 466 U.S. 668 (1984). A court need not address both prongs of the inquiry if the defendant makes an insufficient showing on one. Strickland, 466 U.S. at 700. Defendant Hibbard argues that his counsel was deficient in failing to object when the attorney for the government elicited from Agent Sheets the following testimony:
 
 
 8
 Q. Did she furnish you information with regard to any marijuana processing going on in Clay County at or about the month of September of last year?
 
 
 9
 A. Yes, sir, she did.
 
 
 10
 Q. Tell the court and jury what information she passed on to you.
 
 
 11
 A. Ms. Berry told me that she was aware of several individuals in Clay County who had a quantity of marijuana that they wanted to sell, that they had approached her to arrange the sale or to try to find someone who would purchase it. She told me that; I contacted the Kentucky State Police.
 
 
 12
 J.A. 126.
 
 
 13
 Defendant Hibbard also contends that counsel was deficient in not objecting when Agent Sheets testified about the information he received over the radio transmitter from Berry on September 9, 1991, regarding her movements and her description of the vehicle Hibbard was driving. He thinks it egregious that Agent Sheets was permitted to testify that "it had been reported that there were people inside that barn or there could be other marijuana concealed there." J.A. 130. Because these statements were not offered in evidence to prove the truth of the matter they asserted, they are not hearsay within the definition of Rule 801, Federal Rules of Evidence. The statements were admitted into evidence to show how the events of September 9, 1991, unfolded and to explain why the officers and agents acted as they did. Accordingly, counsel was not deficient in failing to object to the foregoing testimony. Moreover, even if this were an unprofessional error by counsel, there is no reasonable probability that the result of the proceeding would have been different had counsel's objection to hearsay been erroneously sustained.
 
 
 14
 Defendant Hibbard further argues that his attorney was deficient in failing to object to the use of a prior conviction (over ten years old) for driving under the influence of intoxicants in the computation of his sentence. The government tacitly agrees that the use of this conviction in the sentencing computations was error, but it contends that the sentencing calculus would not change if the conviction were removed from it. Criminal history Category II by definition includes those defendants who score two or three criminal history points. The district court's calculation placed defendant in Category II because he had three criminal history points. If the DUI conviction of June 23, 1981, had been eliminated on counsel's timely objection, defendant would still have found himself in Category II because he would still have had two criminal history points. Therefore, his sentence would remain the same, and counsel's failure to object could not have altered the outcome.
 
 
 15
 For the reasons stated, the judgment of the district court is AFFIRMED.