19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jerome SEIGLE, Defendant-Appellant.
 No. 93-5636.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Joseph Jerome Seigle appeals his judgment of conviction entered on his plea of guilty to one count of aiding and abetting to knowingly use physical force, threats and intimidation with intent to prevent testimony before a federal grand jury and a United States district court and to prevent the communication of information to the Federal Bureau of Investigation (FBI) and a judge of the United States relating to the commission and possible commission of federal offenses in violation of 18 U.S.C. Secs. 1512 and 2. Seigle received a sixty month term of imprisonment, a three year term of supervised release, and a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Seigle's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Seigle has filed a response to the motion to withdraw.
 
 
 3
 Upon review, we conclude that the district court was without authority to depart below Seigle's sentence guideline range, because the government did not file a motion pursuant to U.S.S.G. Sec. 5K1.1. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). We have carefully examined the record in this case, including the transcripts of Seigle's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 4
 In his response, Seigle argues that he received ineffective assistance of counsel. However, Seigle did not raise this issue in the district court and no record has been made regarding his claim. As the record is not adequate to assess the merits of Seigle's allegations, we will not consider his claim on direct appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Rather, Seigle can raise this claim in a post-conviction proceeding under 28 U.S.C. Sec. 2255 so that the parties can develop an adequate record on this issue. Id.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.