28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason David MILLER, Defendant-Appellant.
 No. 92-6651.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1994.
 
 Before: NELSON and SILER, Circuit Judges; and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Jason David Miller appeals his conviction for possessing cocaine with intent to distribute and carrying or using a firearm in relation to a drug trafficking offense. Miller argues that the district court erred in admitting "other acts" evidence and in various other respects. We affirm.
 
 I.
 
 2
 On November 4, 1991, Officer Matthew Jordan stopped Miller's car after Miller ran a stop sign. Miller's movements in reaching under the seat of the car aroused Jordan's suspicions, so Jordan instructed Miller to leave the car, patted him down, and placed him in the back seat of his squad car. Jordan also placed Miller's passenger, Jarvis Loverson, in the squad car. Jordan returned to Miller's vehicle and observed a pistol butt in plain view, beneath the front seat. Jordan retrieved the pistol, which was loaded, and, upon searching the car more thoroughly, found a matchbox containing fourteen pieces of cocaine base (crack) inside the console compartment. Jordan did not read Miller his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Later, however, at the Organized Crime Unit office, Detective Michael Hardy advised Miller of his Miranda rights. Miller initially declined to make a statement but, while being transported to the federal building by Jordan and Hardy, volunteered that he was selling crack because he lost his job and was trying to make car payments. He also said he had the gun for protection because he had been "jumped" two or three weeks before.
 
 
 3
 At trial, Miller testified that he did not run the stop sign, did not know cocaine base was in his car, requested an attorney at the Organized Crime Unit office, and made no statements to Hardy or Jordan. Miller's father testified that he placed the pistol in Miller's car. In rebuttal, Sgt. Floyd Bonner testified that he purchased one-half ounce of cocaine from Miller on February 19, 1991, and watched Miller sell two ounces of cocaine to an undercover officer on April 4, 1991. Miller was convicted of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and carrying or using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). He was sentenced to 96 months' imprisonment and four years of supervised release.
 
 II.
 
 4
 Stephen B. Shankman, as a friend of the court, argues that the district court erred in admitting Bonner's testimony as to Miller's prior drug activity.[1] Fed.R.Evid. 404(b) proscribes the use of "other acts" evidence "to prove the character of a person in order to show action in conformity therewith." However, such evidence may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," id., if it "is probative of a material issue other than character," Huddleston v. United States, 485 U.S. 681, 686 (1988). Where evidence falls within an exception to Rule 404(b), it is admissible if its probative value is not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403. We review the admissibility of Rule 404(b) evidence de novo and the district judge's balancing of prejudicial impact and probative value under Fed.R.Evid. 403 for abuse of discretion. United States v. Fountain, 2 F.3d 656, 667 (6th Cir.), cert. denied, 114 S.Ct. 608 (1993).
 
 
 5
 Initially, Bonner's testimony concerning Miller's prior involvement in drug transactions was admissible because it was probative of Miller's intent to distribute cocaine under 21 U.S.C. Sec. 841(a)(1). See United States v. Davis, 15 F.3d 526, 530 (6th Cir.1994). Miller placed knowledge and intent in issue by denying knowledge of the cocaine base. See United States v. Harrison, 942 F.2d 751, 760 (10th Cir.1991). Furthermore, the district court did not abuse its discretion in balancing the probative value and prejudicial effect of Bonner's testimony, especially in light of the limiting instruction given to the jury. See Davis, 15 F.3d at 530.
 
 
 6
 Miller next asserts, in his pro se brief, that the district court erred in failing to suppress evidence, that is, the pistol and cocaine found in his car. Jordan's seizure of the pistol did not implicate the Fourth Amendment because it was within plain view. See Arizona v. Hicks, 480 U.S. 321, 328 (1987). Furthermore, the district court found that Miller was under arrest when Jordan placed him in the back seat of the squad car. There may not have been probable cause to arrest him at that instant, but after Jordan saw the pistol in plain view inside Miller's car, there was probable cause to arrest Miller. See Tenn.Code Ann. Sec. 39-17-1307. Thus, the cocaine was seized in a valid search incident to an arrest. See New York v. Belton, 453 U.S. 454, 460 (1981).
 
 
 7
 Miller also contends that the district court erred in failing to suppress statements made to Hardy and Jordan while they were transporting him to the federal building. Miller asserts that the statements were in response to questioning which should have ceased after he requested counsel. However, whether or not Miller actually requested counsel, these statements were not solicited by questioning. Therefore, although Miller was in custody when he volunteered the statements, they are admissible because they were not the product of an interrogation, see United States v. Hackley, 636 F.2d 493, 499 (D.C.Cir.1980), and not prohibited by Miranda, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.").
 
 
 8
 Miller further argues that he received ineffective assistance of counsel because his trial attorney had back surgery before trial and laryngitis during trial, was on back medication during trial, failed to obtain the suppression hearing transcript prior to trial, conducted poor examination, raised few objections during trial, did not advise Miller of his Fifth Amendment rights, failed to obtain trial witnesses, did not adequately prepare for trial, did not submit jury instructions, did not voir dire jurors, and did not request a change of venue. "We will consider an ineffective assistance of counsel claim on direct appeal of a criminal conviction only when the record is adequate to assess the merits of the defendant's allegations." United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). In this case, the record is not adequate to assess the merits of Miller's allegations. Thus, Miller should pursue his ineffective assistance claim in a post-conviction proceeding under 28 U.S.C. Sec. 2255, where he can develop an adequate record on the issue. See id.
 
 
 9
 Finally, Miller raises several additional arguments on appeal. We have carefully considered each of these arguments and conclude that Miller fails to demonstrate any reversible error.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Miller has asked the court to strike written submissions filed by Shankman, his court-appointed counsel, and to prohibit Shankman from arguing on his behalf. We address the Fed.R.Evid. 404(b) issue, raised by Shankman as a friend of the court, as well as the issues raised in Miller's pro se brief