UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30110
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL HENRY THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CR-30015)
_____

January 16, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Appellant Thomas, an attorney, pled guilty to two counts
of evading or defeating the payment of income taxes in violation of
26 U.S.C. § 7203.  He was sentenced to imprisonment for 12 months
and, as a condition of the plea, was ordered to make restitution in
the amount of $108,000.  He has filed a *pro se* appeal challenging
numerous particulars of the district court's evaluation of the loss
to the government by Thomas's failure to report and pay taxes for

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

a number of years.  He also challenges the district court's use of non-charged civil tax violations in calculating the amount of tax loss and the court's order of restitution.  We find no error and affirm.

The district judge conscientiously evaluated Thomas's evidence objecting to the presentence report in a hearing that lasted two days.  At the conclusion of the hearing, the court fully explained his reasons for assessing a loss to the government of over $120,000.  We have considered Thomas's objections carefully in light of the evidence produced by his experts and by the special agent who testified for the government, and we do not find clear error in the court's factual determinations.

Further, the court did not err in taking into account the amount of self-employment tax, employers' annual federal unemployment tax, and employers quarterly federal taxes, which also went unpaid during the period in question, but which were not the subject of criminal prosecution.  Including those amounts, without any civil penalties, fully accords with the specific language of U.S.S.G. § 2T1.1, comment (n.2).  Although Thomas cites the Daniel case as supporting the exclusion of those amounts, see United States v. Daniel, 956 F.2d 540 (6th Cir. 1992), Daniel should not be read as broadly as he asserts and is factually distinguishable. See United States v. Pierce, 17 F.3d 146, 150 (6th Cir. 1994).

Finally, because the plea agreement specifically called for restitution to the victim for tax years 1986-1989, the amount

and method of payment to be handled in the discretion of the court, that provision was plainly enforceable.

The judgment and the sentence of the district court are **AFFIRMED.**