82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Ronee HERVEY, Defendant-Appellant.
 No. 94-6157.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 Before: MARTIN and MOORE, Circuit Judges; and JOINER,* District Judge.
 PER CURIAM.
 
 
 1
 Stanley Ronee Hervey appeals his federal convictions on the ground that he was denied his Sixth Amendment right to counsel. Specifically, Hervey claims that the district court erred by failing to conduct an adequate inquiry into his request for new counsel. Because Hervey waived this basis for appeal by pleading guilty, we affirm the judgment of the district court.
 
 
 2
 In March 1993, Stanley Hervey was arrested for bank robbery in Louisville, Kentucky. Hervey, who had confessed to several Louisville bank robberies after being captured, was then indicted on eight counts of bank robbery, three counts of bank robbery with the use of a firearm, and three counts of the use of a firearm in a crime of violence. His criminal history already included a 1982 bank robbery conviction, as well as a felony conviction for resisting the police.
 
 
 3
 Henry Burt, Hervey's court appointed counsel, began plea negotiations with the prosecutor handling the case. In July 1993, Hervey appeared in court to plead guilty. Dissatisfied with Hervey's obvious confusion about whether he should plead guilty, the court refused to accept the plea at that time and postponed the plea hearing.
 
 
 4
 At a hearing in August 1993, Burt explained to the court that he had been engaged in plea negotiations, but that Hervey was unhappy with Burt's representation and had requested new counsel. The court asked Burt if he had been appointed by the court and, upon hearing that he was, refused to appoint new counsel and did not inquire further into the matter. Later during the hearing the defendant stated:
 
 
 5
 He wanted to quit. He say he didn't want to go to trial, he say he got me the best deal. I understand what he explained to me, I wasn't mad at him, but he said he was going to take himself off. I said I ain't firing you, I said, and I firing you too because I can't afford a lawyer. I ain't got no money, because what money I had I spend it, man, you know. I was drinking everyday and gambling, ain't no excuse, you know, go take somebody's money....
 
 
 6
 The court did not inquire into this unsolicited comment, either.
 
 
 7
 Burt moved for a psychological evaluation of Hervey. In March of 1994, the court found Hervey competent to stand trial.[1] The record shows that at some point during the plea negotiations, the United States offered to dismiss one of the 18 U.S.C. § 924(c) counts. J.A. at 157-58. Had Hervey accepted this offer and pled guilty to two of the three Section 924(c) counts, he would have received a mandatory twenty-five year sentence of imprisonment in addition to his sentence for the bank robbery charges.[2] However, in May, Hervey pled guilty to all counts of the indictment with no recommendations by the United States. The district court sentenced Hervey to sixty years' and eight months' imprisonment, forty-five years of which represented the mandatory sentence of imprisonment for the three Section 924(c) counts.[3] Thus, Hervey's sentence of imprisonment was twenty years' longer than it would have been had Hervey agreed to plead guilty after the United States offered to dismiss one of the Section 924(c) counts.
 
 
 8
 Hervey now appeals to this Court, arguing that he was denied his Sixth Amendment right to counsel because the district court failed to inquire adequately into his attorney's request for substitution of counsel. Hervey's guilty plea, however, precludes review of that issue. In Campbell v. Marshall, 769 F.2d 314 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986), a habeas corpus case, we held that the state's failure to disclose potentially exculpatory evidence did not render a criminal defendant's guilty plea involuntary or unintelligent. In so holding, we followed Supreme Court precedent stating that:
 
 
 9
 When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ].
 
 
 10
 Id. at 318 (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Under Campbell 's reasoning, Hervey cannot appeal the issue of whether the district court's failure to inquire into his request violated his Sixth Amendment right to choice of counsel. Our decision does not, of course, preclude Hervey from challenging his sentence in a collateral proceeding on other grounds, such as whether he understood the charges to which he was pleading guilty, the effect of his guilty plea on his sentence, or whether he received ineffective assistance of counsel. 28 U.S.C. § 2255; see, e.g., Godinez, 113 S.Ct. at 2687 n. 12 (stating that defendant must "actually ... understand the significance and consequences of a particular decision" and the decision must be "uncoerced"); North Carolina v. Alford, 401 U.S. 25, 31 (1970) (stating that a guilty plea constitutes a waiver of constitutional rights only if it is a "voluntary and intelligent choice among the alternative courses of action open to defendant"); United States v. Daniels, 956 F.2d 540, 543 (6th Cir.1992) (stating that ineffective assistance of counsel claims are best brought in a post-conviction proceeding under 28 U.S.C. § 2255).
 
 
 11
 Based on the foregoing, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Supreme Court has held that the standard of competency for standing trial and entering a guilty plea is the same. Godinez v. Moran, 113 S.Ct. 2680, 2685 (1993)
 
 
 [2]
 18 U.S.C. § 924(c) provides for mandatory sentences for persons convicted of using or carrying a gun during or in relation to a crime of violence or a drug trafficking crime. Relevant to this case, Section 924(c)(1) states that "in addition to the punishment for such crime of violence or drug trafficking crime, [the defendant shall] be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years...."
 
 
 [3]
 Sentences for multiple convictions under Section 924(c) cannot run concurrently. 18 U.S.C. § 924(c)(1)