UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce Edward DOUGHTY,
Defendant–Appellant.

No. 01–2495.

United States Court of Appeals,
Sixth Circuit.

May 23, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

Bruce Edward Doughty, represented by counsel, appeals from his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a jury convicted Doughty of federal income tax evasion in violation of 26 U.S.C. § 7201. The district court sentenced Doughty to eight months of imprisonment and three years of supervised release, and it ordered him to pay $200 in special assessments. Doughty has filed a timely appeal.

On appeal, Doughty's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he submits the following issue for review: 1) whether the prosecutor's objection to the defendant's introduction of an exhibit

deprived the defendant of the right to present a defense.

Upon review, we conclude that the prosecutor did not violate Doughty's right to present his defense to the charge. The Supreme Court has determined that a criminal defendant has the right to a meaningful opportunity to present a complete defense. *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). However, while Doughty has a fundamental right to present a defense, this right is not absolute. *See Montana v. Egelhoff,* 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996).

A review of the trial transcript clearly reflects that Doughty's right to present a defense was not violated. During the trial, Doughty's defense was based on his "good faith" belief that he was not liable for paying federal income taxes. Doughty was able to completely present this defense through his trial testimony. Essentially, Doughty testified that, between 1992 and 1995, he saw a video, attended at least three seminars and read numerous books and legal documents that led him to believe that he was not liable to pay federal income taxes. Although the prosecutor did object to the admission of those portions of the letter that attempted to describe the tax laws as unconstitutional, the prosecutor clearly acknowledged that some portions of the letter might be relevant to Doughty's defense, and he stated that he was not opposed to those portions being presented to the jury. Hence, the prosecutor did not improperly interfere with Doughty's right to present his good faith defense.

In addition, this court has reviewed the record and has discovered no error warranting reversal of Doughty's conviction or sentence. There was sufficient evidence to support Doughty's conviction. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to obtain a conviction for income tax evasion, the government must establish "the existence of a tax deficiency, willfulness, and an affirmative act constituting evasion or attempted evasion of the tax." *United States v. Daniel,* 956 F.2d 540, 542–43 (6th Cir.1992).

A review of the trial transcript reflects that the government called several witnesses to establish that Doughty did not file taxes between 1992 and 1995. An investigative analyst (Klum) for the Internal Revenue Service (IRS) testified that Doughty did not file a tax return between 1992 and 1995. Another IRS agent (McIntyre) testified that he was assigned to investigate Doughty's failure to file returns between 1992 and 1995, and that Doughty was uncooperative during the investigation. Finally, an auditor (Sikorski) testified that he prepared a 1995 tax return for Doughty and determined that Doughty owed $7,831. In addition, as stated above, Doughty testified that he did not file a tax return between 1992 and 1995 because he had come to believe that he was not liable to pay federal income taxes. Based on the above testimony, the government clearly presented sufficient evidence establishing that Doughty willfully evaded a substantial income tax due to the IRS. *Daniel,* 956 F.2d at 542–43.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.