An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF EDMUND C. BOTHA, BAR NO. 3890.

No. 68665

FILED

DEC 02 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Edmund C. Botha be disbarred based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 5.5 (unauthorized practice of law), RPC 8.4(a) (misconduct), RPC 8.4(b) (misconduct—committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a layer), RPC 8.4(c) (misconduct—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The violations relate to Botha's federal conviction for felony tax evasion and his conduct after his temporary suspension from the practice of law but before he surrendered to begin serving the sentence imposed for the federal conviction.[1]

Our review of the disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108

---

[1]This court temporarily suspended Botha pursuant to an SCR 111 petition based on his federal conviction. *In re Discipline of Edmund Botha*, Docket No. 52800 (Order of Temporary Suspension, December 3, 2008).

15-36750

Nev. 629, 633, 837 P.2d 853, 855 (1992).[2] We therefore "must examine the record anew and exercise independent judgment," but the disciplinary panel's recommendations nonetheless are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar generally has the burden of showing by clear and convincing evidence that an attorney committed the violations charged, *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995), but where, as here, the attorney fails to respond to a complaint, "the charges shall be deemed admitted," SCR 105(2).[3] The issue before this court therefore is the appropriate level of discipline. Botha did not file an opening brief; therefore, this appeal stands submitted for decision on the record. SCR 105(3)(b).

In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is to protect the public, the courts, and

---

[2]SCR 105(3)(b) has been amended to give deference to a disciplinary panel's factual findings, but that amendment is not yet effective. *See In re Amendments to Court Rules Regarding Attorney Discipline, Specifically, SCR 105*, ADKT 0505 (Order Amending Supreme Court Rule 105, November 5, 2015) (providing that amendment is "effective 30 days from the date of this order").

[3]Botha responded to the first complaint, which was based on his criminal conviction, but he did not respond to the second complaint, which was related to his conduct following his temporary suspension. The allegations in the first complaint are established by virtue of the federal conviction.

the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Absent mitigating factors, disbarment generally is the appropriate discipline for criminal conduct that involves elements of fraud or misrepresentation, ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11(a) (2015), such as Botha's felony tax evasion conviction, *see U.S. v. Daniel*, 956 F.2d 540, 542 (6th Cir. 1992) (noting that elements of tax evasion under 26 U.S.C. § 7201 are "the existence of a tax deficiency, willfulness, and an affirmative act constituting an evasion or an attempted evasion of the tax"). Similarly, the misappropriation of client funds may warrant disbarment absent mitigating factors. *Compare* ABA Standards, Standard 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."), *with id.* Standard 4.12 ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). And while it is not entirely clear whether Botha's unauthorized practice of law caused "serious or potentially serious injury" to a client that would warrant disbarment rather than suspension, *compare id.* Standard 7.1, *with id.* Standard 7.2., that misconduct aggravates the other violations, *see* SCR 102.5 (providing that "pattern of misconduct," "multiple offenses," and "bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with . . . orders" are aggravating factors).

Here, the hearing panel found a single mitigating factor: no prior disciplinary record. We agree with the hearing panel that this single mitigating factor does not warrant discipline less than disbarment,

particularly considering the aggravating factors found by the hearing panel (dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, refusal to acknowledge the wrongful nature of conduct, vulnerable victims, substantial experience in the practice of law, and illegal conduct). While we are mindful that disbarment in Nevada is irrevocable, SCR 102(1), Botha's misconduct and his demonstrated indifference to this court's temporary suspension order and the disciplinary proceedings indicate that disbarment is necessary in this instance to protect the public, the courts, and the legal profession.

Accordingly, we disbar attorney Edmund C. Botha from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Botha shall pay the costs of the disciplinary proceedings, including bar counsel and staff salaries, within 30 days from the date of this order. *See* SCR 120(7). The parties shall comply with the relevant provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Board
Edmund C. Botha
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court