**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chandar SNOW, Defendant–Appellant.**

No. 93–2112.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1994.

Decided Feb. 27, 1995.

Michael Hluchaniuk, Asst. U.S. Atty. (argued and briefed), Bay City, MI, for plaintiff-appellee.

Chandar A. Snow, pro se.

---

Robert A. Betts (argued and briefed), Caro, MI, for defendant-appellant.

Before: BROWN, KENNEDY, and SILER, Circuit Judges.

SILER, Circuit Judge.

Defendant, Chandar Snow, appeals his conviction of conspiracy to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. § 846 (Count 1) and of conspiracy to kill a person during a drug offense, in violation of 21 U.S.C. §§ 846 and 848(e)(1) (Count 2). Defendant contends that he received ineffective assistance of counsel at the trial and that Count 2 of the indictment was invalid. Defendant was sentenced to 327 months imprisonment on Count 1 and a life term on Count 2, to run concurrently. Although the notice of appeal indicates the appeal is taken from the conviction, Snow's briefs ask only for relief from his conviction on Count 2. Therefore, we must assume he has no quarrel with his conviction on Count 1 and its sentence. For the reasons stated herein, we affirm the decision of the district court.

## I.

Defendant contends that he received ineffective assistance of counsel during the pretrial preparation and trial of this action and requests that his conviction on Count 2 be reversed.

> Generally, this court will not review an ineffective assistance of counsel claim raised for the first time on direct appeal because the record has not been sufficiently developed for assessing the merits of the allegation.... However, if the record has been sufficiently developed to allow this court to evaluate counsel's performance, this court will consider the ineffective assistance claim even though it was not raised at the district court.

*United States v. Goodlett,* 3 F.3d 976, 979 (6th Cir.1993) (citations omitted).

In order to succeed on his Sixth Amendment claim, the defendant must establish that: "(1) his counsel's performance was constitutionally deficient; and (2) the prejudice resulting from his counsel's errors deprived him of a fair hearing." *Lynott v. Story,* 929

F.2d 228, 232 (6th Cir.1991) (citations omitted). To prove prejudice, the defendant "must show that had it not been for his counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations omitted).

Defendant contends that although he did not raise this claim with the district court, the record has been sufficiently developed to allow review by this court. However, a review of the record reveals the opposite. Defendant cites as error strategy choices made by defense counsel, the propriety of which is dependent upon matters outside the record before this court. Among other things, the defendant cites to the following alleged counsel errors: (1) failure to file a pretrial discovery motion, (2) failure to object to certain opening remarks of the trial judge, (3) failure to object to the admission of the "bloody photos" and the "bloody shirt," (4) failure to object to the admission of a photograph showing a close-up of the wound, (5) failure to effectively question certain witnesses, (6) failure to request any jury instructions or lesser included offenses,. and (7) failure to argue another theory during closing argument.

This court noted in *Cobb v. Perini,* 832 F.2d 342, 347 (6th Cir.1987), *cert. denied,* 486 U.S. 1024, 108 S.Ct. 1998, 100 L.Ed.2d 230 (1988), that "'the proper standard for attorney performance is that of reasonably effective assistance'... 'viewed as of the time of counsel's conduct', and considered 'in light of all the circumstances.'" (quoting *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)). "'Judicial scrutiny of counsel's performance must be highly deferential.'" *Cobb* at 347 (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065)..

Defendant has failed to come forward with sufficient evidence of his trial counsel's deficiencies, if any. The record before this court simply is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy. "[A] defendant must make more than merely speculative assertions." *Bowen v. Foltz,* 763 F.2d 191, 194 (6th Cir.1985). Therefore, as the record has

not been adequately developed, the merits of the defendant's ineffective assistance of counsel claim cannot be reviewed in this appeal.

## II.

 Defendant next contends that 21 U.S.C. §˙848(e)(1) does not state a separate offense and therefore it is improper to charge an offense as such or as the object of a 21 U.S.C. § 846 conspiracy. Based upon the following reasons, we find this claim of error to be without merit.

Defendant was charged in Count 2 with a violation of 21 U.S.C. § 848(e)(1), which states as follows:

(e)(1) In addition to the other penalties set forth in this section—

(A) any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) or section 960(b)(1) who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death; and

(B) any person, during the commission of, in furtherance of, or while attempting to avoid apprehension, prosecution or service of a prison sentence for, a felony violation of this subchapter or subchapter II of this chapter who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of any Federal, State, or local law enforcement officer engaged in, or on account of, the performance of such officer's official duties and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

Subsection (e) of the current version of 21 U.S.C. § 848 was added to the existing provisions of the continuing criminal enterprise (CCE) offense through the Anti–Drug Abuse Act of 1988, Pub.L. 100–690, 102 Stat. 4382,

4387–88. This subsection states that these provisions apply to criminal acts beyond CCE offenses and include offenses linked to 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1). Also, subsection (i)(1), which relates to the procedure to be followed where the death penalty has been requested, provides for certain conditions when "the defendant is found guilty or pleads guilty to **an offense under subsection (e) of this section.**" (Emphasis added). This reference also indicates congressional intent that subsection (e) defines separate offenses. Similar references to subsection (e) are made in subsections (n) and (p).

In *United States v. Villarreal,* 963 F.2d 725 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 353, 121 L.Ed.2d 267 (1992), the defendant argued that 21 U.S.C. § 848(e)(1)(B) is a sentencing provision that fails to state a substantive violation. However, the court held that "§ 848(e) had added a death penalty provision, not for CCE offenses, but for an entirely new group of offenses—intentional murders committed during certain specified offenses." *Id.* at 728. The court stated, "We are convinced that Congress created a substantive offense in 21 U.S.C. § 848(e)(1)(B) and that its 'language, structure, and ... history ... show in the plainest way that Congress intended [it] to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses.'" *Id.* (quoting *Garrett v. United States,* 471 U.S. 773, 779, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985)). *Accord United States v. Chandler,* 996 F.2d 1073, 1099–1100 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994).

As 21 U.S.C. § 848(e)(1)(B) does state a separate offense, the only remaining issue is whether it can be a proper object of a 21 U.S.C. § 846 conspiracy. Section 846 provides that "[a]ny person who ... conspires to commit **any offense** defined in this subchapter" shall be subject to certain penalties. (Emphasis added). Section 848(e)(1) would seem to fall into the "any offense" language of § 846. A § 846 conspiracy is an agreement to violate any of the federal "drug laws." *United States v. Phibbs,* 999 F.2d

1053, 1063 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994). Therefore, a § 848(e)(1) is a federal "drug law" and thus is an appropriate object of a § 846 conspiracy.

**AFFIRMED.**