**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher WALKER, Defendant–
Appellant.**

No. 97–1753.

United States Court of Appeals,
Sixth Circuit.

Submitted May 24, 1999.

Decided and Filed July 8, 1999.

Mark V. Vourtade, Asst. U.S. Atty., Office of U.S. Atty. for Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Lawrence J. Phelan (briefed), Haehnel & Phelan, Grand Rapids, MI, Defendant–Appellant.

Before: KENNEDY, CONTIE, and RYAN, Circuit Judges.

CONTIE, Circuit Judge.

Defendant-appellant Christopher Walker ("Walker") appeals the district court's finding that he was not entitled to an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. We affirm the district court for the following reasons.

## I.

On August 29, 1996, the grand jury for the Western District of Michigan returned a five-count indictment against Walker and one co-defendant, Melvin Sylvester ("Sylvester"). The indictment charged the two men with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846 (Count One), and charged Walker with distributing cocaine in violation of 21 U.S.C. § 841 on or about January 31, 1995 (Count Two), on or about April 23, 1995 (Count Three), and on or about April 24, 1995 (Count Four). Count Five of the indictment alleged that some of Walker's personal property should be forfeited to the United States pursuant to 21 U.S.C. § 853. The case was assigned to Judge Enslen, Chief Judge for the Western District of Michigan.

On March 7, 1997, Walker pled guilty to the conspiracy charged in Count One of the indictment. The district court allowed Walker to remain free on bond while awaiting sentencing. On May 15, 1997, while free on bond awaiting sentencing, Walker submitted a urine sample to his probation officer that tested positive for the presence of cocaine.

On June 5, 1997, the district court held Walker's sentencing hearing. At his sentencing hearing, Walker objected to the probation officer's recommendation that he not receive an acceptance of responsibility adjustment (pursuant to U.S.S.G. § 3E1.1) because of the urine sample that he submitted to his probation officer while free on bond awaiting sentencing. Specifically, Walker testified (at his sentencing hearing) that the drugs found in his urine resulted from medications (Vicodin and Tylenol with codeine) prescribed by his dentist following root canal surgery. The district court rejected Walker's self-serving explanation.

Because the district court found that Walker used cocaine while free on bond and lied about it while under oath, the court refused Walker's request for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Moreover, the district court imposed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Specifically, the district court held:

> [T]he Court is convinced that this defendant committed perjury today ... by lying on the witness stand regarding his use of cocaine.
>
> [H]ad he not lied, ... he would have received three points for acceptance of responsibility, which would have reduced the sentence the Court was permitted to impose....
>
> .     .     .     .     .
>
> I'm convinced that Mr. Walker is totally unacquainted with the truth.... He has violated his bond, he has committed perjury in court, he's lying to me right now, his strength of character is zero.... Nor does he accept responsibility for his own acts. His speech here to me a few minutes ago made moot the whole argument we had about acceptance of responsibility. He doesn't see it, he doesn't see that he's done anything, he can't imagine why he's in this kind of trouble, he can't imagine how the cocaine got into his urine specimen. He's not correctable, as I see him, unfortunately.

Joint Appendix at 74–78.

After denying Walker's request for an acceptance of responsibility adjustment,

and after imposing a two-level obstruction of justice enhancement, the district court determined Walker's sentencing guideline range: 151 to 188 months in prison (offense level 32; criminal history category III). The district court imposed a 160-month sentence, a five-year term of supervised release, and a $5,000 fine. The district court then dismissed Counts Two, Three, Four and Five of the indictment. Walker subsequently filed his notice of appeal.

## II.

### Standard of Review

■ "[T]he defendant has the burden of demonstrating that a downward adjustment in his offense level is warranted under § 3E1.1." *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir.1995) (citation omitted). "Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review." *United States v. Donathan*, 65 F.3d 537, 541–42 (6th Cir.1995) (citation omitted). "We thus review the sentencing court's determination only for clear error." *Id.* at 542 (citation omitted).

### Summary of the Parties' Arguments

On appeal, Walker asserts that the district court clearly erred by denying his request for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1. Specifically, Walker asserts:

It is the Appellant's position that the district court clearly erred when it refused to grant a downward adjustment for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1. The case law in this Circuit makes it clear that the inquiry regarding acceptance of responsibility must focus on acceptance of responsibility for the offense of conviction, not for illegal conduct in general. [Accordingly,] the fact that the Appellant may have used cocaine while on bond awaiting sentencing should not have been the focus of inquiry the court used. The inquiry should have focused on whether the Appellant had accepted responsibility for the crime for which he was indicted and subsequently pled guilty to.

... Had the court followed the case law in this Circuit, the Appellant would never have been put in the position of providing evidence and testifying at the sentencing hearing that he did not use cocaine prior to the May 15, 1997 urinalysis.

Appellant's Brief at 13 (citations omitted).

In response, the United States asserts that the district court properly denied Walker an acceptance of responsibility adjustment because he tested positive for cocaine use while free on bond and committed perjury at his sentencing hearing by denying his cocaine use:

The Defendant was charged with conspiracy to distribute and distribution of cocaine; and, following his plea, but before sentencing, tested positive for the use of cocaine. The Court held a hearing at which time the Defendant denied his use of cocaine under oath. The district court found that the Defendant committed perjury at that hearing and denied him acceptance of responsibility. The district court did not commit clear error in holding that a defendant who uses cocaine while on bond for a cocaine offense, and then obstructs justice at sentencing, is not entitled to an acceptance of responsibility reduction in the computation of his sentencing guidelines. The Defendant's sentence should be affirmed.

Appellee's Brief at 2.

Accordingly, we must decide whether the district court clearly erred by denying Walker an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1.

### Walker's Acceptance of Responsibility.

■ Walker pled guilty to Count One of the indictment which charged him with

conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. While free on bond awaiting sentencing, Walker submitted a urine sample to the probation officer that tested positive for cocaine use. Because of the cocaine in the urine sample, the probation officer recommended that the district court deny Walker's request for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1. Though Walker testified at his sentencing hearing that his urine sample tested positive for cocaine use because of medications that he was taking following root canal surgery, the district court dismissed Walker's explanation after experts testified that neither Vicodin nor Tylenol with codeine would cause Walker's urine sample to test positive for cocaine. After denying Walker's request for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 because of his cocaine use while free on bond awaiting sentencing, the district court increased Walker's offense level under U.S.S.G. § 3C1.1 because Walker had attempted to obstruct justice by perjuring himself at his sentencing hearing. On appeal, Walker asserts that his sentence should be vacated, and that he should be resentenced at a lower offense level, because he accepted responsibility for his criminal conduct (i.e., conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846) notwithstanding the cocaine found in his urine while awaiting sentencing. We disagree.

■ Though Walker asserts that the district court clearly erred by considering his cocaine use while free on bond awaiting sentencing, the United States correctly asserts that Walker's cocaine use constituted a continuation of criminal activity that precluded an acceptance of responsibility adjustment. The United States Sentencing Guidelines provide (in relevant part): "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). The Commentary following § 3E1.1 provides (in relevant part):

1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

   (a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).... [A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

   (b) voluntary termination or withdrawal from criminal conduct or associations;

   . . . . .

   (g) post-offense rehabilitative efforts (e.g., counseling or drug treatment)....

   . . . . .

3. Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) ... will constitute significant evidence of acceptance of responsibility.... However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

4. Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the de-

fendant has not accepted responsibility for his criminal conduct....

5. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

U.S.S.G. § 3E1.1, comment. (n.1–5).[1]

The district court concluded that Walker lied under oath when he repeatedly denied using cocaine while free on bond awaiting sentencing. Though Walker asserts that the district court should not have considered his cocaine use while free on bond awaiting sentencing as evidence of his failure to accept responsibility, the district court properly found that Walker failed to accept responsibility for his criminal conduct (i.e., conspiracy to distribute cocaine) pursuant to U.S.S.G. § 3E1.1. See *United States v. Lassiter*, 929 F.2d 267, 270 (6th Cir.1991) (district court did not err by denying defendant an acceptance of responsibility adjustment because defendant engaged in a subsequent drug possession offense while on bond awaiting sentencing for drug trafficking).

In this action, Walker was free on bond awaiting sentencing after pleading guilty to conspiracy to distribute cocaine. While on bond, Walker continued to be involved with cocaine as evidenced by his positive urine screen. In *United States v. Zimmer*, 14 F.3d 286 (6th Cir.1994), this court was faced with a similar situation: a defendant tested positive for marijuana use prior to sentencing for marijuana trafficking. The district court denied Zimmer an acceptance of responsibility adjustment and this court affirmed:

The defendant cooperated by pleading guilty and informing the government of his entire scheme. While on bond he attended counseling for his purported marijuana addiction. The defendant argued that these factors entitled him to an adjustment for acceptance of responsibility. Due to a lack of funding, his rehabilitation program was discontinued. Thereafter, Zimmer tested positive for marijuana on three separate occasions prior to sentencing. Based on this continuing drug use, the District Court denied the motion to adjust for acceptance of responsibility. Zimmer claims that the District Court clearly erred by finding that his positive urine tests were sufficient cause to deny a motion for acceptance of responsibility.

The District Court's refusal to adjust for acceptance of responsibility is subject to clearly erroneous review.... Judge Cleland found that Zimmer's use of marijuana was both a crime and a violation of the conditions of his bond, indicating that he had not accepted responsibility for his crimes. The Sixth Circuit has held that a reduction for acceptance of responsibility is not warranted where the defendant engages in ongoing criminal activity after a guilty plea....

Here, the defendant committed a crime "related" to his underlying guilty plea and violated his bond conditions. The fact that the defendant's rehabilitation program was discontinued may be a mitigating factor, but it is not of such magnitude as to make the District Court's ruling clearly erroneous.

*Id.* at 289 (citations omitted). See also *United States v. Garcia*, 20 F.3d 670, 675–76 (6th Cir.1994) (defendant's denial of cocaine use while free on bail was an obstruction of justice which justified an enhancement under U.S.S.G. § 3C1.1).

1. Application Note 4 references U.S.S.G. § 3C1.1 (Obstructing or Impeding the Administration of Justice) which provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

The commentary following section 3C1.1 states that committing perjury, "providing materially false information to a judge or magistrate," and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" are examples of the types of conduct to which section 3C1.1 applies.

Because Walker's positive drug screen while free on bond awaiting sentencing demonstrates his failure to accept responsibility for his criminal conduct, the district court's refusal to award Walker an acceptance of responsibility adjustment was not clearly erroneous.

Accordingly, we AFFIRM Walker's sentence.