**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David LASKOWSKI, Defendant–Appellant.**

No. 99–1733.

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

This case presents Defendant David Laskowski's ("Laskowski") direct appeal from his conviction following his guilty plea in the United States District Court for the Eastern District of Michigan for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Laskowski pleaded guilty to possession with intent to sell one kilogram of cocaine pursuant to a FED. R. CRIM P. 11 plea agreement executed with the government. The government agreed, in exchange for Laskowski's plea, to reduce Laskowski's exposure to certain counts as well as to drop all charges against Michelle Laskowski, the defendant's wife. On appeal, Laskowski's sole argument is that his trial counsel was constitutionally ineffective because he failed to object to the amount of drugs Laskowski had purchased and that, as a consequence, Laskowski waived his right to contest the amount of drugs attributed to him and to put the government to its burden of proving by a preponderance of evidence the amount of drugs at issue. For the following reasons, we AFFIRM the district court.

## I. Facts

The charge in this case arose from an incident that transpired the evening of December 18, 1997, in which Laskowski met with Sylvia Torres–Benitez ("Torres–Benitez"), a drug seller turned confidential government informant, for the purpose of transacting a drug purchase. As part of her own deal with the government, Torres–Benitez had named Laskowski as

one of her customers and agreed to monitor telephone conversations with him. On December 17, 1997, Torres–Benitez and David and Michelle Laskowski discussed the impending drug purchase. Torres–Benitez indicated to Laskowski that she had a kilogram of cocaine for him to purchase. Joint Appendix ("J.A.") at 183 (Tr. of Telephone Conversation). The next day, Torres–Benitez delivered a package wrapped as a Christmas present to the Laskowski home; David Laskowksi was recorded as agreeing to pay Torres–Benitez $1,000 an ounce, or $36,000 for the cocaine package. J.A. at 221 (Presentence Report). Following the conversation, Laskowski placed the unopened "present" under his Christmas tree. Shortly thereafter, federal Drug Enforcement Agents executed a search warrant at the Laskowski residence and seized the package. The package, which had been prepared by the government, contained one ounce of cocaine and about two pounds of non-controlled white powder.

A criminal complaint was filed against Laskowski on December 18, 1997. On January 14, 1998, a fourteen-count indictment was filed against Laskowski, his wife Michelle Laskowski, and another individual for drug possession and related crimes. The indictment alleged, among other things, that Laskowski conspired to possess and possessed with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 22, 1998, a superseding indictment was filed against Laskowski. On July 22, 1998, a second superseding indictment was filed against Laskowski which contained identical counts plus an additional asset forfeiture count. A plea of not guilty was entered on Laskowski's behalf. On January 13, 1999,

Laskowski entered a guilty plea to Count Three of the second superseding indictment.

Laskowski's guilty plea was entered pursuant to a FED. R. CRIM. P. 11 agreement reached with the government. J.A. at 54 (Laskowski's Plea Agreement). Laskowski received significant benefits from his plea agreement with the government. The government agreed to recommend that Laskowski receive a three-level reduction in his total offense level for acceptance of responsibility; that his sentence not exceed the mid-point of the sentencing guideline range the court would determine to be applicable; and to dismiss Counts One–to–Eight and Ten, Eleven, and Fifteen of the second superseding indictment, thereby dismissing all counts against Michelle Laskowski.

A presentence report ("PSR") was sent to Laskowski for comment, but his counsel made no objection to the report. J.A. at 165 (Tr. Sentencing Hr'g). On May 28, 1999 Laskowski was sentenced to forty-one months in custody, to be followed by four years of supervised release, and an assessment fee of $100.00. Laskowski's sentence was calculated pursuant to a base offense level of 26, due to the quantity of drugs at issue under § 2D1.1(c)(7) of the Guidelines. The base offense level was reduced by two levels under the "safety valve" provision at § 5C1.2 and § 2D1.1(b)(6) and three levels for acceptance of responsibility under § 3E1.1. The interstices of a total offense level of 21 and Criminal History Category 1 yielded a sentencing range between thirty-seven and forty-six months.[1] Laskowski received a sentence at the mid-point of his sentencing range, as recommended in the plea agreement. Also per the plea agreement, the government filed a

---

1. The statutory minimum sentence for the charge is sixty months, *see* 21 U.S.C. § 841(b)(1)(B)(ii)(II), but because § 5C1.2, the "safety valve" provision, applied, the defendant was sentenced within the Sentencing Guidelines range.

motion to dismiss the indictment, the first superseding indictment, and the remaining counts of the second superseding indictment against Laskowski and his wife, which the court granted. On June 4, 1999, Laskowski timely filed a notice of appeal to this court from the judgment and sentence.

## II. Analysis

Laskowski's appeal presents a single issue: whether his trial counsel was constitutionally ineffective for failing to object to the amount of drugs used to calculate Laskowski's base offense level under the Sentencing Guidelines at the sentencing hearing and in the PSR. Laskowski claims that his trial counsel was deficient because Laskowski told his trial counsel that he only intended to purchase ten ounces of cocaine from Torres–Benitez. *See* Appellant's Br. at 20. Laskowksi argues that had counsel objected regarding the quantity, the government would not have been able to meet its burden to prove by a preponderance of the evidence that Laskowski intended to purchase one kilogram of cocaine. The government argues in response that Laskowski effectively traded away his option to challenge the relevant drug quantity in the plea agreement because he received significant benefits from the government in exchange for his plea. *See* Appellee's Br. at 16.

■ Ineffective assistance of trial counsel claims are generally not cognizable when they are raised for the first time on direct appeal because of the lack of an adequate factual record. Without a sufficiently developed record, this court cannot make a decision on the merits of the claim. *See United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow,* 48 F.3d 198, 199 (6th Cir.1995); *United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992). Ineffective assistance claims

are more properly brought in a petition for relief pursuant to 28 U.S.C. § 2255 after the parties have had the opportunity fully to develop the record on the issue. However, "if the record has been sufficiently developed to allow this court to evaluate counsel's performance, this court will consider the ineffective assistance claim even though it was not raised at the district court." *Snow,* 48 F.3d at 199; *see also Daniel,* 956 F.2d at 543. In this case, we believe that the record is sufficient to enable us to address the merits of Laskowski's claim because both parties briefed this issue exclusively, and Laskowski is represented by new counsel on appeal. *See United States v. Williams,* 176 F.3d 301, 312 (6th Cir.1999).

■ In order to succeed on a claim of ineffective assistance of counsel, the defendant must show first that his counsel's performance was constitutionally deficient such that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and second that the defendant was prejudiced by his counsel's errors. *See Combs v. Coyle,* 205 F.3d 269, 277–78 (6th Cir.2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). On the deficient performance prong of the test, defendant must prove that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See id.* at 278. With regard to the prejudice prong, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland,* 466 U.S. at 694). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

■ This case is governed squarely by this court's recent opinion in *United States*

*v. Williams,* 176 F.3d 301 (6th Cir.1999). In *Williams,* the defendant argued that he received ineffective assistance of counsel because his lawyer withdrew his objection to the quantity of drugs for which the defendant was held responsible at the sentencing hearing. After reviewing the record, we concluded that because the defendant "stipulated to [the] amount [of drugs] in his plea agreement ... and accepted this provision at his change of plea hearing" as well as "admitted to approximately that quantity of drug activity" in his presentence report, it was "impossible" for the defendant to contend that his attorney's performance "fell below the constitutionally required standard under the first prong of *Strickland.*" *Williams,* 176 F.3d at 312. In this case, Laskowski stipulated in the Rule 11 plea agreement to the amount of drugs at issue. The plea agreement states: "[T]he parties have stipulated pursuant to § 6B1.4 that the drug amounts that defendant will be accountable for is as indicated in the attached worksheet/based on the available evidence is 1 kg." J.A. at 55 (Laskowski's Plea Agreement at 2) (emphasis in original). At the change of plea hearing on January 13, 1999, Laskowski acknowledged the amount of drugs at issue in his colloquy with the district court judge. J.A. at 145 (Plea Hr'g Tr. at 26). In addition, Laskowski confirmed that he was induced to plead guilty in exchange for the government's promise to dismiss all charges against his wife. J.A. at 154 (Plea Hr'g Tr. at 35). Laskowski's trial counsel also verified that the amount of drugs at issue was one kilogram of cocaine and that he had reviewed the plea agreement with Laskowski in detail. J.A. at 144. A presentence report was prepared subsequent to the plea hearing. The PSR stated that Laskowski was being held responsible for one kilogram of cocaine. J.A. at 222(PSR). Defense counsel filed no objection to the PSR. At the sentencing hearing held on May 28, 1999, Laskowski's counsel confirmed that he received the PSR, reviewed it with his client, and had no objection to it. J.A. at 165 (Sent. Hr'g Tr. at 2).

Based on the record, Laskowski's argument runs head-long into the same problem that the defendant in *Williams* faced—namely that at every step of the proceeding Laskowski acquiesced to the amount of drugs at issue because of the benefits that he received from the Rule 11 plea agreement. We are therefore compelled to hold that, as in *Williams,* Laskowski's ineffective assistance of trial counsel claim fails on the first prong of the *Strickland* test because trial counsel's failure to object to the quantity of drugs at issue was an objectively reasonable course of action considering the benefits Laskowski gained by consenting to the plea agreement. Laskowski's claim is therefore without merit.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.