**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Samuel TERFA, Defendant–Appellant.**

No. 00–1049.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before GUY, NORRIS, and GILMAN, Circuit Judges.

Samuel Terfa appeals his judgment of convictions and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Terfa of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and receipt of counterfeit currency with intent it be uttered and published in violation of 18 U.S.C. § 473. The district court sentenced Terfa to 30 months of imprisonment and three years of supervised release, and the court imposed a $200 special assessment. In this timely appeal, Terfa's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that: 1) the district court improperly denied Terfa's motions for the appointment of new counsel; and 2) Terfa's trial counsel rendered ineffective assistance. Terfa has responded to his counsel's motion to withdraw.

Upon review, we conclude that the district court properly denied Terfa's motions for the appointment of new counsel. This court reviews for an abuse of discretion a district court's denial of a motion for substitution of appointed counsel. *United States v. Iles*, 906 F.2d 1122, 1130 n. 8 (6th Cir.1990). A defendant must show good cause for a request to substitute counsel, and the request must be made in a timely manner. *United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999). When reviewing a district court's denial of a motion to substitute counsel, this court considers: 1) the timeliness of the motion; 2) the adequacy of the district court's inquiry into the matter; 3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense; and 4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *Id.; United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996). The district court did not abuse its discretion in concluding that Terfa had not shown good cause justifying the appointment of new counsel because his

dissatisfaction appeared largely rooted in the results of counsel's representation.

■ Terfa's ineffective assistance of counsel claims are also without merit. Ineffective assistance of counsel claims are generally not cognizable on direct appeal because of the lack of an adequate factual record. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow,* 48 F.3d 198, 199 (6th Cir.1995). Instead, these claims are more properly brought in a motion to vacate under 28 U.S.C. § 2255 after the parties have the opportunity to develop fully the record on the issue. *Rahal,* 191 F.3d at 645. However, if the record is sufficiently developed to allow the court to evaluate counsel's performance, this court will consider an ineffective assistance claim on direct appeal. *Snow,* 48 F.3d at 199.

■ In the *Anders* brief, Terfa argues that his counsel rendered ineffective assistance by: 1) failing to object to a juror sleeping during trial, 2) directing an improper question to a witness during cross-examination, 3) failing to prevent Terfa's detention after conviction, 4) mispronouncing Terfa's name before the jury, and 5) failing to attend the pre-sentence investigation interview with the probation department. Terfa raised all of these issues before sentencing in his letter to the district court, and the court addressed the merits of these claims in denying his motion. Therefore, an adequate record exists for this court to review these claims.

■ In order to succeed on his claims of ineffective assistance of counsel, Terfa must show that his counsel's performance was constitutionally deficient and that Terfa was prejudiced by his counsel's errors. *Combs v. Coyle,* 205 F.3d 269, 277–78 (6th Cir.), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 623, 148 L.Ed.2d 533 (2000). On the deficient performance prong of the test, the defendant must prove that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 278. With regard to the prejudice prong, the defendant must demonstrate that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The district court's findings of fact on ineffective assistance of counsel claims are reviewed for clear error. *Skaggs v. Parker,* 235 F.3d 261, 267 (6th Cir.2000). Terfa has failed to establish either that his counsel's performance was deficient or that he was prejudiced by the alleged errors.

In his response to counsel's motion to withdraw, Terfa argues that his trial counsel also rendered ineffective assistance by: 1) failing to object to the introduction of "other acts" evidence, 2) not properly cross-examining witnesses, 3) not moving for a mistrial, and 4) failing to object to the pre-sentence investigation report. Terfa never raised these claims of ineffective assistance of counsel in the district court and, consequently, the court never considered the claims. The record is not adequate to consider these claims in this direct appeal; instead, Terfa should raise the claims in a § 2255 motion. *Rahal,* 191 F.3d at 645.

Additionally, we have examined the record and conclude that no reversible error is apparent.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.