UNITED STATES of America,
Plaintiff–Appellee,

v.

Imanuel Manie SMITH, also known as Imanuel Makonnen Smith,
Defendant–Appellant.

No. 01–1464.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2001.

416

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

## ORDER

Imanuel Manie Smith appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2000, Smith pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Smith was sentenced to 78 months of imprisonment. Smith has filed a timely appeal.

On appeal, Smith's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether Smith entered a valid guilty plea; and 2) whether the district court properly sentenced Smith. In response, Smith argues that: 3) his guilty plea was invalid because counsel coerced him to plead guilty; and 4) counsel was ineffective because he refused to file certain motions, including a motion challenging an alleged illegal search and a motion challenging the district court's jurisdiction over his offense.

■ Upon review, we conclude that Smith entered a valid guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The record reflects that Smith understood the rights he was waiving, that he understood the potential penalties associated with his crime, and that he acknowledged his guilt to the crime.

Smith's argument that counsel coerced him into pleading guilty is belied by the record. Smith argues that counsel informed Smith that he could not win the case and that Smith would face a longer sentence if he went to trial. Smith states that he maintained his innocence until the day of trial. However, a review of the plea transcript clearly reflects that Smith testified that no promises or threats had been made to compel him to plead guilty, and that no one had tried to force him to plead guilty through any mistreatment, pressure or duress. Smith also testified that he was satisfied with his counsel's performance. Smith stated that he understood his right to continue with his plea of not guilty, but he expressly waived this right in order to enter a guilty plea. Finally, Smith admitted that he had intentionally possessed a handgun that had traveled in interstate commerce. Hence, the record reflects that Smith's plea was voluntary.

The record also reflects that the district court properly sentenced Smith. *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994). Smith's Total Offense Level was 24 and his Criminal History Category score was IV. This resulted in a total guidelines imprisonment range of 77–96 months. Thus, Smith's sentence of 78 months was within the applicable guidelines range.

Moreover, the district court properly denied Smith an additional one-point reduction for acceptance of responsibility. A defendant is entitled to an additional one-level decrease for acceptance of responsibility if: 1) he qualifies for the two-level decrease; 2) prior to that decrease, his offense level is 16 or greater; and 3) he assisted authorities in the investigation or prosecution of his own misconduct by either timely providing complete information to the government concerning his own involvement in the offense or timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. *United States v. Jeter*, 191 F.3d 637, 639 (6th Cir.1999). The defendant bears the burden of demonstrating that a downward adjustment pursuant to § 3E1.1 is warranted. *United States v. Walker*, 182 F.3d 485, 487 (6th Cir.1999).

The parties do not dispute that Smith met the first two of the above criteria. However, the district court properly ruled that Smith did not meet the third criterion. Smith did not timely provide complete information concerning his own involvement in the offense, nor did he timely notify the prosecution of his intent to plead guilty. Smith did not enter his guilty plea until the day of trial, and the district court properly concluded that Smith did not act in such a way as to permit the government to avoid preparing for trial or to permit the court to allocate its resources efficiently. Therefore, he is not entitled to an additional one-level decrease for acceptance of responsibility.

Finally, Smith's ineffective assistance of counsel claim is not reviewable in this appeal. Smith argues that his trial counsel refused to file certain motions in the district court. However, ineffective assistance of counsel claims generally are not cognizable on direct appeal because of the lack of an adequate factual record. *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow*, 48 F.3d 198, 199 (6th Cir.1995). Smith did not raise his claim in the district court. Hence, the district court did not have an opportunity to address the merits of the claim. Therefore, the record is inadequate for this court to review the claim. Instead, the claim is more properly brought in a motion to vacate under 28 U.S.C. § 2255 after the parties have the opportunity to develop fully the record on the issue. *Rahal*, 191 F.3d at 645.

Accordingly, we grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.