**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hal Q. MINCY, Defendant–Appellant.**

No. 01–3714.

United States Court of Appeals,
Sixth Circuit.

April 1, 2002.

Before KENNEDY and BOGGS, Circuit Judges; and COFFMAN, District Judge.*

*ORDER*

This is a direct appeal from a judgment and conviction order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a grand jury named Hal Q. Mincy in a one-count indictment for cocaine possession. Mincy thereafter entered into a plea agreement to the charge and the district court found Mincy guilty of possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Mincy to a 240 month term of imprisonment and a ten year period of supervised release. This appeal followed. Counsel for Mincy filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mincy was served with the motion and brief, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), and he has filed a response.

On October 25, 2000, police officers executed a search warrant at the Cleveland, Ohio, residence of defendant Hal Mincy. The officers found approximately forty-one individually wrapped packages of crack cocaine and other items associated with drug

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

dealing. A grand jury subsequently returned a one-count indictment against Mincy, a person previously convicted of more than one state felony drug offense. Mincy later entered into an agreement to plead guilty to the indictment. Three components of the agreement are of particular relevance to the present appeal. First, the parties acknowledge the principal inducement for the plea, namely, the government's concession to reduce Mincy's sentencing exposure from life to 240 months. In addition, Mincy concedes that he knowingly possessed for distribution 151.9 grams of crack cocaine at his residence. Finally, Mincy waives any further appeal or post-conviction challenge to his sentence if he is sentenced within the agreed upon 240 month maximum.

The matter proceeded to a plea colloquy before the district court. The court followed the dictates of Criminal Rule 11 in ascertaining whether Mincy was competent to enter into the plea, whether he entered into the plea knowingly and voluntarily, and whether Mincy had a firm grasp on the rights he was forfeiting by the plea. Mincy reaffirmed that the amount of crack cocaine with which he was caught was 151.9 grams and that he possessed the drugs for distribution. The court conditionally accepted the plea and set the case over for preparation of a presentence report and sentencing.

The parties subsequently met for sentencing. Mincy and his counsel had no objections to the contents of the presentence report and the court solicited comments from Mincy and his counsel. The court ultimately sentenced Mincy to the 240 month term of imprisonment contemplated by the plea agreement and advised Mincy of his right to an appeal.

■ Counsel for Mincy sets forth three arguable issues for appellate review pursuant to his duties under *Anders* while conceding their lack of merit. The first issue is that Mincy may have received ineffective assistance of trial counsel. The record, however, reflects that Mincy expressed his satisfaction with his representation and no errors are apparent. Of course, the most important aspect of this arguable issue is that claims of ineffective assistance of trial counsel generally are not cognizable on direct appeal because of the lack of an adequate factual record. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow,* 48 F.3d 198, 199 (6th Cir.1995). The appeal at bar does not present any exception to this practice.

■ Counsel's second issue is whether Mincy's plea was knowing and voluntary. Above all, a guilty plea must be competent, knowing, and voluntary. *Godinez v. Moran,* 509 U.S. 389, 396–97, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The competency standard for pleading guilty is identical to that for standing trial, that is, "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " *Id.* (quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). A guilty plea is knowing and voluntary if the defendant understands "the significance and consequences of a particular decision and ... the decision is uncoerced." *Id.* at 401 n. 12, 113 S.Ct. 2680 (citations omitted). Mincy's plea, judged by the foregoing, was plainly knowing and voluntary. The court adhered to the letter of Rule 11 and there is not one word in the transcript to indicate that either Mincy or his counsel had the slightest doubt or hesitation in offering the plea.

■ The final issue put forth by Mincy's counsel is that the district court may have erred in its application of the sentencing

guidelines. The fact is, however, that Mincy explicitly agreed to waive any post-judgment challenge to his sentence if he received the 240 month sentence for which he bargained. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming*, 239 F.3d 761, 764–65 (6th Cir.2001). This case presents no unusual circumstances which would justify excusing the waiver and the government is thus entitled to have this waiver enforced.

The other arguable issue presented by this appeal is the pro se claim of Mincy that his conviction runs afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Mincy did not raise an *Apprendi* claim at trial, so this court reviews this claim for plain error. Fed. R.Crim.P. 52(b); *United States v. Neuhausser*, 241 F.3d 460, 466 (6th Cir.2001). A case reviewed for plain error must meet the four-part test set forth in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and clarified in *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Before an appellate court may correct an error not raised at trial, there must be 1) error, 2) that is plain, and 3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice the error, but only if 4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 466–67, 117 S.Ct. 1544.

In the case at bar, Mincy contends that it was error to sentence him on a drug quantity that had not been proved beyond a reasonable doubt. Mincy, however, twice admitted to the exact amount of crack cocaine (151.9 grams) used in placing him in the statutory range of conviction. The law of this circuit is clear. Mincy's admissions to the quantity of crack cocaine for which he should be held accountable at sentencing removes this case from the reach of *Apprendi*. *United States v. Stafford*, 258 F.3d 465, 475 (6th Cir.2001). The appeal lacks merit.

Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.