**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Earl IVY, Defendant–
Appellant.**

No. 01–1446.

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE,
Circuit Judges.

*ORDER*

Richard Earl Ivy appeals his sentence of imprisonment imposed upon his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At sentencing, the district court invited defense counsel to address the issue of whether Ivy was entitled to a three-level reduction in his offense level for acceptance of responsibility. The district court awarded Ivy a two-level reduction but noted that the additional one-level reduction is typically awarded when a defendant promptly notifies the government of his intention to plead guilty. Ivy did not notify the government until the day of trial. Accordingly, the district court determined that Ivy did not accept responsibility in a

timely fashion to the extent that the additional one-level reduction under USSG § 3E1.1(b) was warranted, *see* USSG § 3E1.1, comment. (n.6), declined to award Ivy a three level-reduction in his offense level, and sentenced Ivy to eighty-four months of imprisonment to be followed by a term of supervised release.

Ivy appeals from the district court's decision to reduce his sentence by only two offense levels, rather than by three, after he accepted responsibility for his actions.

Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review. *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir.1996). Whether the sentencing guidelines have been accurately applied to a particular set of facts is reviewed de novo. *United States v. Bennett*, 170 F.3d 632, 640 (6th Cir.1999). A defendant bears the burden of demonstrating that he is entitled to a reduction of his base offense level for acceptance of responsibility under USSG § 3E1.1. *United States v. Walker*, 182 F.3d 485, 487 (6th Cir.1999) (citing *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir.1995)). In most cases, acceptance of responsibility is indicated by entering a plea of guilty. *See, e.g., United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). A district court faced with a request for an acceptance of responsibility reduction from one who has pleaded guilty may legitimately consider the point in the prosecution at which a defendant offered his plea in deciding the question. *See United States v. Smith*, 245 F.3d 538, 547 (6th Cir.2001).

Under USSG § 3E1.1(a), a defendant who "clearly demonstrates acceptance of responsibility for his offense" may receive a two-level sentence reduction. Moreover:

If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

*Id.* § 3E1.1(b).

The trial court's decision will not be disturbed on appeal. The record reveals that Ivy offered his plea on the day that trial was scheduled to commence. In general, the conduct qualifying for a decrease in offense level under § 3E1.1(b)(2) will occur particularly early in the case. The court considered Ivy's application for a three-level reduction under § 3E1.1(b) carefully and decided to grant him a reduction, but to limit the reduction to two levels, because Ivy waited until the last minute to enter his guilty plea. By waiting so long to accept responsibility, Ivy compelled the government to prepare its entire case for trial. In light of the fact that the government was obliged to prepare its entire case against Ivy, the district court did not err in limiting Ivy's reduction to two levels for acceptance of responsibility. *See Smith,* 245 F.3d at 547.

Accordingly, the district court's judgment is hereby affirmed.