**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0700n.06
Filed: November 17, 2008

**No. 05-2135**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **KERRY LANE RICHARDS**, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **UNITED STATES OF AMERICA**, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: NORRIS, ROGERS and KETHLEDGE, Circuit Judges.

**ROGERS, Circuit Judge**. Defendant Richards appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. Richards argues that his attorney's performance was deficient because his attorney did not follow his instructions to appeal his sentence and, in the alternative, because his attorney did not consult him about the possibility of an appeal but should have. Richards argues that this deficient conduct prejudiced him, amounting to ineffective assistance of counsel. The district court's finding that Richards did not ask his attorney to file an appeal is not clearly erroneous. Additionally, the attorney's failure to consult Richards about the appeal was not prejudicial. Therefore, Richards was not deprived of the effective assistance of counsel and there is no constitutional error requiring this court to grant his § 2255 motion.

**I.**

On December 4, 2002, Richards was charged with a single count of possession with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). On February 14, 2003, Richards pled guilty pursuant to a plea agreement with the Government.

Richards's Presentence Investigation Report ("PSR") recommended a prison term between 188 and 235 months. The Probation Officer calculated that Richards had a base offense level of 34 and was in Criminal History Category III, producing the 188-235 month range. The Probation Officer calculated the base offense level by estimating the amount of drugs Richards possessed and adding an enhancement for the use of a firearm. The Probation Officer specifically noted that Richards should not receive a downward adjustment to this calculation for acceptance of responsibility, because Richards had tested positive for drugs after the indictment. Richards made no objection to these calculations. The plea agreement advised Richards that the Government might move under Federal Rule of Criminal Procedure 35(b) to reduce Richards's sentence, if he cooperated with the Government's ongoing investigations. However, the Government did not specifically promise to file such a motion—it only agreed to evaluate Richards's assistance to see if a motion was warranted. The Government retained complete discretion over the decision. The Government never made the motion.

On June 13, 2003, Richards was sentenced to 192 months in prison and 5 years of supervised release. Richards claims that he was surprised by the length of his sentence and that he had expected his attorney, Peter Johnson, to object to the PSR calculations. Richards also claims that he was unaware that his positive drug test would cost him the sentencing credit for acceptance of responsibility. However, Richards never filed a direct appeal of his sentence.

Richards now alleges that he instructed Johnson to file an appeal of the sentence because it was unreasonably long. Richards states that immediately after the sentencing, he requested that Johnson visit him and Johnson never came. Richards states that while at the detention center following sentencing, he called Johnson several times and requested that Johnson file an appeal. According to Richards, Johnson told him that it was unnecessary to file an appeal because the Government was going to file a Rule 35(b) motion for a reduction in Richards's sentence. Richards's father, Kerry Richards Sr., testified that he also called Johnson and told him to file an appeal and that Johnson assured him he was "taking care of it."

Johnson testified that Richards took no issue with the sentencing calculations. Moreover, Johnson testified that Richards knew his sentencing range was between 188-235 months and that he was not shocked by the 192 month prison sentence. Johnson denied discussing an appeal with either Richards or his father "within the next ten, twenty days" after sentencing. Johnson stated that he only discussed the Rule 35(b) motion with Richards. Furthermore, Johnson stated that he was not an appellate attorney and that he was unaware that there is ten-day time limit to file an appeal from

a federal criminal conviction. Johnson stated that since "I don't do federal appeals . . . . there's no reason for me to be cognizant of those appeal rights."

Richards filed a § 2255 motion alleging ineffective assistance of counsel because Johnson failed to honor his request to file an appeal. After an evidentiary hearing on the motion, the district court reviewed the testimony and the sentencing proceeding. The district court noted that, during sentencing, Richards did not raise any objections to the PSR and that the court itself told Richards about his right to appeal. The district court found that "the balance of the evidence does not support" that Richards told Johnson to appeal his sentence. Furthermore, the district court found that the evidence did not support that Richards "reasonably demonstrated to counsel he was interested in appealing," but rather the evidence indicated that Richards only wanted to appeal a year later when it was clear the Rule 35(b) motion would not be filed. Nor did the evidence support that there were any meritorious grounds for appeal. Therefore, the district court found the ineffective assistance claim failed. This appeal followed.

**II.**

Richards does not show under *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), that Johnson's conduct was objectively unreasonable and that he was prejudiced by that deficient conduct. Therefore he does not allege "an error of constitutional magnitude" requiring relief under § 2255. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted). While the

ineffective assistance claim is reviewed *de novo*, the district court's findings of fact are not disturbed unless clearly erroneous. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

## A. Deficient Performance

Richards alleges two theories about Johnson's deficient performance: 1) that Johnson failed to follow his instructions to appeal, and, in the alternative, 2) that Johnson failed to consult Richards about an appeal, which was objectively unreasonable conduct. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Neither contention has merit.

### 1. Instruction to Appeal

Richards fails to show that he requested an appeal. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citation omitted). In these instances, the filing is a "ministerial task," not a strategic choice, and therefore "the failure to file reflects inattention to the defendant's wishes." *Id.* That is not the case here.

The district court's finding that Richards did not tell Johnson to appeal in a timely fashion is not clearly erroneous. Richards first claimed that he told Johnson to file the appeal immediately after sentencing, and later admitted that this statement was false and that he did not discuss the appeal with his attorney until he called Johnson from the federal detention center. Richards's father stated that he requested the appeal as well. Johnson, however, was adamant that no such

conversation took place and noted that he did not even handle appeals. The district court found Johnson's testimony more credible and that the circumstances indicated that Richards did not want to appeal until well after the ten-day appeal period. Although the district court based much of its decision on whether there was a legal basis for an appeal, given the alternative views of the evidence, the district court's finding that Richards did not request an appeal is not clearly erroneous.

### 2. Failure to Consult About an Appeal

Johnson's failure to consult Richards about an appeal was not objectively unreasonable conduct. Where the attorney has not consulted with the defendant, the attorney's failure to do so may itself constitute deficient performance. *See id.* at 478. The attorney has a "duty to consult" when there is reason for him to think "(1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. A review of the record shows that this duty did not arise here.

Because there were no nonfrivolous grounds for appeal, Johnson would not have thought a rational defendant would want to appeal. *Id.* First, "a guilty plea reduces the scope of potentially appealable issues." *Id.* Richards "received the sentence bargained for as part of the plea." *Id.* The sentence was within the guidelines, which were mandatory at that time, and this fact weighs against any cause for appeal. *See* USSG § 1A1.1.A (2003) (invalidated by *U.S. v. Booker*, 543 U.S. 220 (2005)). Second, although Richards now objects to the methodology used in the PSR, Johnson could not have known at that time that Richards would want to appeal these issues because Richards did

not raise these concerns at sentencing and these objections are frivolous. The district court was within its discretion to deny the adjustment for acceptance of responsibility, given that Richards's drug use "constituted a continuation of criminal activity that precluded an . . . adjustment." *United States v. Walker*, 182 F.3d 485, 488 (6th Cir. 1999); *see also United States v. Zimmer*, 14 F.3d 286, 289 (6th Cir. 1994). Also, although the Probation Officer estimated the amount of drugs Richards possessed, those estimations were based on Richards's own statements and the Probation Officer erred on the side of caution.[1] *See United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir. 1990). Furthermore, the Government's decision not to file a Rule 35(b) motion did not violate the plea agreement because the decision to file was within the Government's discretion. *See United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). Even so, because the Government had one year to file such a motion, this would not have been a reason to appeal during the ten-day appeal period. Richards has not shown that a reasonable defendant would want to appeal and therefore Johnson's failure to consult Richards about the appeal was not objectively unreasonable.

Additionally, it is not clear that Richards was "reasonably . . . interested in appealing." *Roe*, 528 U.S. at 480. An attorney may not think the defendant wants to appeal because "a guilty plea . . . may indicate that the defendant seeks an end to judicial proceedings." *Id.* This indication was bolstered by the fact that Richards did not discuss the matter of an appeal with Johnson until after

---

[1] Although all of the drugs Richards claimed he possessed were converted to marijuana for sentencing purposes, even if Richards was sentenced solely on the basis of his confessed methamphetamine possession, he would have received the same base offense level. *See* USSG § 2D1.1 (2003) (awarding a base offense level of 32 for possession of more than 500 g but less than 1.5 kg of methamphetamines).

the window to appeal had closed. As discussed above, the district court's finding of fact on this point is not clearly erroneous. Also, the district court told Richards that he had a right to appeal during sentencing. That Richards was aware of the right and did not bring up his desire to appeal until much later supports that he was not reasonably interested in appealing. "[T]ak[ing] into account all the information counsel knew or should have known" at the time, *id.* at 480, Richards has not shown that Johnson should have known he wanted to appeal and therefore Johnson's failure to consult Richards about the appeal was not objectively unreasonable.

While an attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," an attorney's utter failure to investigate his client's options is not entitled to the same deference. *Strickland*, 466 U.S. at 690-91. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary . . . . [A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances . . ." *Id.* at 691. Johnson's complete lack of knowledge about appellate procedure makes it doubtful that Johnson actually investigated the option of an appeal and decided to reject it because it would be futile. Johnson stated that he didn't "feel there was any need for an appeal" if the Government was going to make a Rule 35(b) motion. However, even if Johnson did fail to investigate and that decision was unreasonable, Richards fails to show that he was prejudiced by Johnson's deficient conduct.

**B. Prejudice**

The record in this case does not support that "counsel's deficient performance . . . actually cause[d] the forfeiture of the defendant's appeal." *Roe*, 528 U.S. at 484. Where the defendant instructed his attorney to appeal, the attorney's failure to do so satisfies *Strickland*'s prejudice prong. *Id.* at 485; *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (noting that such an oversight is a *per se* Sixth Amendment violation). Where, as here, it is not clear that the defendant did make such a request, the defendant must show actual prejudice: "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484. Richards has not met this burden.

"[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination." *Id.* at 485. First, as previously discussed, there were no nonfrivolous grounds for appeal in this case and therefore it is unclear that if Johnson had discussed the appeal, Richards would have pursued it. Richards was awaiting the Government's motion for a reduced sentence under Rule 35(b) and given Johnson's belief that the Government would so move, Richards may have found it unnecessary to spend time and money on an appeal. Second, Richards was informed of his right to appeal at sentencing and yet the district court found that he did not "promptly" express a desire to appeal within the ten-day appeal period following sentencing. As previously stated, that finding is not clearly erroneous. Richards has not shown that it was reasonably probable that he would have appealed and therefore that he was prejudiced by Johnson's allegedly deficient conduct.

**III.**

The judgment of the district court is affirmed.