NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0440n.06

Case No. 21-3955

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Nov 01, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
|  | ) |  |
| BRIAN TURNER, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) | OPINION |
|  | ) |  |

Before: SUTTON, Chief Judge; DONALD and MURPHY, Circuit Judges.

PER CURIAM. Brian Turner pleaded guilty to being a felon in possession of ammunition. He did so without agreeing with the prosecutor on a recommended sentence. The district court sentenced him to 57 months in prison, a sentence at the bottom of Turner's Sentencing Guidelines range of 57 to 71 months. Turner appeals his sentence, arguing that his counsel provided ineffective assistance because he allegedly misinformed Turner about the status of his plea and failed to negotiate a beneficial plea agreement. Because Turner's ineffective-assistance claim is premature, we affirm.

We routinely refuse to review ineffective-assistance claims on direct review. *See United States v. Buchanan*, 933 F.3d 501, 513 (6th Cir. 2019). The key reason is that the record is "often incomplete or inadequate" given that the parties and the lawyers up to that point in the case had trained their attention on the underlying charge and any resulting sentence. *Massaro v. United States*, 538 U.S. 500, 505 (2003).

In a § 2255 collateral-review action, by contrast, ineffective-assistance claims may take center stage. Over and over, we have said, such claims "are best brought by a defendant in a post-conviction proceeding," where "the parties can develop an adequate record on the issue." *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992).

So it is here. Because the district court did not hold an evidentiary hearing on the ineffective-assistance claim, gaps in the record make it difficult, if not impossible, to assess the adequacy of Turner's counsel. And because the court did not make fact or credibility findings at the hearings it did hold, conflicting accounts of key events remain. *E.g.*, *compare* R.46 at 3, 8 (claiming counsel did not negotiate), *with id.* at 4, 13–14 (claiming counsel had "numerous" plea discussions). Appellate courts are ill equipped to close those gaps or resolve those conflicts; the district court is "the forum best suited to developing the facts." *Massaro*, 538 U.S. at 505.

Turner disagrees, pointing to cases in which we resolved ineffective-assistance claims on direct review. But those fleeting exceptions prove the general rule. Most often, when we have reviewed such claims on direct review, it was because the claims rested "entirely upon facts within the record" or presented "purely legal questions." *United States v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004). Here, however, we have the conventional case in which collateral review "is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro*, 538 U.S. at 504.

Addressing the claim now would deny Turner the opportunity to develop the record before the district court in ways potentially helpful to his cause. It would deny Turner—and us—the opportunity for fact development about his plea. And it would deny Turner—and us—the potential benefit of any fact findings by the district court. All told, review on this incomplete record runs the risk of doing more harm than good.

We decline to review Turner's ineffective-assistance claim and affirm.